PEOPLE *v.* GRAY.

1. CRIMINAL LAW—PROSTITUTION—NEW TRIAL—EVIDENCE — OVER-
   WHELMING WEIGHT OF EVIDENCE—MISCARRIAGE OF JUSTICE.
   In a prosecution for violating Act No. 289, Pub. Acts 1919,
   providing punishment for sharing in the proceeds of
   prostitution, where there was testimony which, if be-
   lieved, was sufficient to sustain the charge, the conviction
   will not be set aside where it cannot be said that the
   verdict was against the overwhelming weight of the evi-
   dence, or that it resulted in a miscarriage of justice.

2. SAME—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
   A motion for new trial, upon the ground of newly-dis-
   covered evidence, is not regarded with favor, the policy of
   the law being to require of parties care, diligence, and
   vigilance in securing and presenting evidence.

3. SAME—DILIGENCE—CUMULATIVE EVIDENCE.
   The trial judge properly denied a motion for new trial
   on the ground of newly-discovered evidence, where one of
   the new witnesses was simply a character witness, and it
   does not appear that any diligence was used to obtain
   his testimony pending the trial; and the other witness
   was of defendant's own household and her proposed testi-
   mony was only cumulative to that of defendant.

Error to recorder's court of Detroit; Heston (Wil-
liam M.), J. Submitted October 14, 1921. (Docket
No. 188.) Decided December 21, 1921.

Frances Gray was convicted of sharing in the pro-
ceeds of prostitution, and sentenced to imprisonment
for not less than 1 nor more than 5 years in the
Detroit house of correction. Affirmed.

*B. M. Henderson* and *Frank Bennett,* for appellant.

*Merlin Wiley,* Attorney General, *Paul W. Voorhies,*
Prosecuting Attorney, and *Robert M. Toms,* Assistant
Prosecuting Attorney, for the people.

Stone, J.   The defendant was informed against in the recorder's court of the city of Detroit for violation of the provisions of Act No. 389 of the Public Acts of 1919 entitled:

"An act to provide for the punishment of persons who share in the proceeds of prostitution, and for the competency of certain evidence at the trial thereof."

The information charged that defendant, on June 16, 1921, at the city of Detroit, wilfully, unlawfully and feloniously accepted, received, levied and appropriated the sum of $2, without giving consideration therefor, from the proceeds of the earnings of one Olive Fench, a female person, she the said Olive Fench being then and there engaged in prostitution, and she the said defendant then and there well knowing that the said money was derived from the proceeds of the earnings of the said Olive Fench from her so engaging in prostitution as aforesaid.   The trial took place on June 24, 1921, and resulted in the conviction of the defendant, and her sentence to the Detroit house of correction.

The defendant was at the time charged in the information the keeper of a rooming house at number 262 Montcalm street in the city of Detroit and had been in business at that place for about two years. The principal witness for the people was the woman Olive Fench, who testified that she had lived across the street from defendant for upwards of two years; that on or about June 16, 1921, she went to the house of defendant at the latter's solicitation, ostensibly to do housework at $10 a week; that when she got there she found that the girl defendant had "doing housework didn't leave"; that witness remained there until arrested on June 17th, and while there engaged in acts of prostitution, the proceeds of which she shared and divided by agreement with the defendant, and that defendant well knew all of the circumstances

under which witness obtained the money.   There was much conflict in the testimony, and in that of this witness, and while on the stand she made contradictory statements.   The defendant denied absolutely the charge against her and gave testimony directly opposed to that of the witness Fench.

The case is here upon writ of error, and the errors assigned are to the effect that the court erred in refusing to grant a new trial.   The motion for a new trial was based on two grounds:

(1) Because the verdict was against the great weight of the evidence.
(2) Because of newly-discovered evidence.

1. We shall not for obvious reasons quote from the testimony in the record.   We have read it, however, with care, and it appears that there was testimony of the witness Fench which, if believed by the jury, was sufficient to sustain the charge.   That testimony was somewhat conflicting and contradictory in its parts. It was denied by the defendant.   It was a case of witness against witness, and presented a fair question for the jury to solve.   No complaint is made that the case was not fairly submitted to the jury, and we cannot say that the verdict was against the overwhelming weight of the evidence, or that it resulted in a miscarriage of justice.   We decline to disturb the verdict or judgment on this ground.   *Gardiner* v. *Courtright*, 165 Mich. 54, 61.

2. Should a new trial have been granted upon the ground of newly-discovered evidence?   The newly-discovered evidence, so-called, is claimed to be that of William Romer and Marie Kirtley.   The affidavit of the defendant is to the effect that she had since the verdict, for the first time, learned that Romer knows and would testify that the reputation of the said Olive Fench for truth and veracity in the neighborhood in which she lives is bad; and the affidavit of

Romer is to that effect. The showing as to the newly-discovered evidence of Marie Kirtley is that defendant had learned since the verdict for the first time that Marie Kirtley knew and would testify that she was employed by defendant at general housework at 262 Montcalm street, and had been so employed for two months prior to June 16, 1921, and for about two weeks after that date, and that Olive Fench did not occupy a room with any man or men at No. 262 Montcalm street, between the hours of 7:30 a. m. and 6:00 p. m. June 16, 1921. The affidavit of Marie Kirtley is to the above effect and she adds:

"That to this deponent's knowledge, the said Olive Fench was not in the house, No. 262 Montcalm street, on the 16th day of June, 1921, and never occupied any room in said house with any man or men on that day, between the hours of 7:30 a. m. and 6:00 p. m. Deponent says that there is a back stairs leading from the kitchen to the second floor of No. 262 Montcalm street. Deponent says that there are four bedrooms and bath upstairs at No. 262 Montcalm street. Deponent says that there were two tenants occupying the rooms upstairs on June 16, 1921. Deponent did not see the said Olive Fench enter the house at No. 262 Montcalm street on the 17th day of June, 1921. Deponent says that she never saw the said Olive Fench in the house, No. 262 Montcalm, previous to her arrest on the 17th day of June, 1921."

Aside from the inherent weakness of the affidavits relating to the proffered testimony of the woman Kirtley, we think that the showing is without merit. We have often said that a motion for a new trial, upon the ground of newly-discovered evidence, is not regarded with favor. The policy of the law is to require of parties care, diligence, and vigilance in securing and presenting evidence. The essential requisites to support the motion are well stated in *Canfield* v. *City of Jackson*, 112 Mich. 120. This case has been cited many times by us, as will appear by

a reference to Shepard's Michigan Citations. Had defendant demanded a preliminary examination the people's witnesses would have been made known to her, but she saw fit to waive it. Romer was simply a character witness, and it does not appear that any diligence was used to obtain his evidence pending the trial, nor that of any other character witness. The woman, Marie Kirtley, was of defendant's own household, and in the nature of things defendant would, in the exercise of any diligence, have called upon her as a witness at the trial. These proposed witnesses all lived in the city where the case was tried and ordinary diligence would have found them, and brought them to court. The proposed evidence of the Kirtley woman was only cumulative to that of the defendant. Upon this ground the trial judge in denying the motion said:

"There is no convincing and satisfying showing that the newly-discovered evidence was material, or of such a nature as would tend to alter the verdict of the jury, and furthermore, there is no satisfaction that it was not available to the defendant at the time of the trial."

We find no reversible error in the record, and the judgment of the trial court is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.