### PEOPLE *v.* PRAG.

1. CRIMINAL LAW—ROBBERY ARMED—WEIGHT OF EVIDENCE.
   In prosecution for robbery armed, where defense was *alibi,* and defendant was identified as robber by eyewitness, verdict of guilty, *held,* not against weight of evidence.

2. SAME—NEW TRIAL—ABUSE OF DISCRETION.
   Denial of defendant's motion for new trial, *held,* not abuse of discretion.

Appeal from Superior Court of Grand Rapids; Verdier (Leonard D.), J. Submitted January 12, 1933. (Docket No. 137, Calendar No. 36,340.) Decided March 1, 1933.

Thomas A. Prag, *alias* Adam Frencavage, was convicted of robbery armed. Affirmed.

*Thomas A. Prag, in pro. per.*

*Patrick H. O'Brien,* Attorney General, *Bartel J. Jonkman,* Prosecuting Attorney, and *Fred N. Searl,* Assistant Prosecuting Attorney, for the people.

FEAD, J. Defendant reviews his conviction of robbery armed. He had counsel at the trial, but here presents his own case. The principal claims of error are that the verdict was against the weight of the evidence and that a new trial was denied.

Between 2:30 and 2:40 in the afternoon of June 11, 1931, a robber, armed with a nickel-plated revolver, entered a branch bank in Grand Rapids and took $700 in 20-dollar bills. Three employees and a customer saw him. One, the teller, identified defendant as the robber, and the others said defendant resembled the robber, but they refused positive identification.

Other circumstances were presented by the people. There was testimony that defendant had a nickel-plated revolver which he sometimes kept in his car; that a car resembling his had been seen near the bank and some two miles from defendant's place of business, a garage, before the robbery, and that directly thereafter defendant changed the appearance of his car by painting it a different color and installing a fender well to hold the spare tire, which had been carried at the rear; that for some days prior to the robbery defendant had been without funds, even to purchase gasoline and oil for business purposes, but, on the same day and shortly after the crime, stated that he had money, and within the next few days paid out in excess of $300 for gasoline, oil, a paint-spraying outfit, and sundry articles; that some of the payments were made with 20-dollar bills, and that he at other times displayed currency of like denomination.

The defense was an *alibi*, resting on the testimony of defendant's father and mother, defendant not taking the stand. The father, who worked at the street railway car barn at a wage of about $23 per week, testified that he was in the habit of carrying hundreds of dollars on his person, and that at 2:05 p. m. on the day of the robbery he gave defendant $150 at the barn and the next day gave him another $200. The mother said defendant came home at 2:10 and remained there until 2:45 p. m., talking with her generally and about nothing in particular. The testimony was not supported by corroborating evidence and was unconvincing. The remark of the trial court, on denying motion for new trial, is pertinent: "Sometimes an *alibi* is too air-tight to be true."

The verdict was not against the weight of the evidence.

On motion for new trial defendant presented affidavits from many persons. Some were from his witnesses at the trial to the effect that they knew more than they had testified; some were with regard to suspicious characters answering to the description of the robber, whom they claimed to have seen in the neighborhood; some were purely cumulative; some were in impeachment of minor incidents of the trial. In addition, the defendant offered to testify.

We have examined the affidavits with care, and have no reason to find that the court abused its discretion in denying a new trial. Aside from the fact that defendant could have obtained most of the evidence at the trial, its character was not persuasive nor such as would render a different result probable. Defendant had not been forced to trial. On the contrary, on demand of his own counsel, trial was ordered against the request of the people for further delay.

The other alleged errors were without merit. While defendant's lack of familiarity with the rules of evidence and procedure might prompt a fuller discussion of the points he raises and which he evidently deems meritorious, but which are wholly without legal foundation, we must refrain from so putting useless matter into the reports. The trial court's opinion and the people's brief will fully inform defendant of the reasons.

Judgment affirmed.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.