PEOPLE v. ENGLISH.

1. CRIMINAL LAW—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—
   CORROBORATION.
   A new trial will not be granted in a criminal case on the ground
   of newly-discovered evidence where the proposed evidence is
   merely cumulative even though it supports the uncorroborated
   testimony of defendant.

2. SAME—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—DISCRETION
   OF COURT.
   The granting of a new trial in a criminal case on the ground
   of newly-discovered evidence is discretionary with the trial
   court.

3. SAME—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—AFFIDAVITS—
   STATUTORY RAPE.
   Trial court did not abuse its discretion in refusing to grant a
   new trial on ground of newly-discovered evidence tending to
   support defendant's uncorroborated testimony as to his where-
   abouts at time offense of statutory rape was alleged to have
   been committed where statements contained in supporting affi-
   davits were not persuasive a different result would have been
   reached upon retrial (Act No. 328, § 520, Pub. Acts 1931).

4. SAME—NEW TRIAL—ALIBI—AVAILABILITY OF WITNESSES.
   Defendant who was charged with having committed crime of
   statutory rape nearly 11 months previous to · arrest appears
   not to have been diligent in procuring testimony supporting
   defense of alibi where trial occurred over six months after
   arrest and witnesses with whom he claimed to have been dis-
   cussing operation of electric stove he had sold them the day
   before offense was claimed to have occurred were available
   and there is no showing witnesses proffered for new trial
   and who more definitely fixed date of discussion could not
   have been produced at the trial (Act No. 328, § 520, Pub.
   Acts 1931).

5. SAME—NEW TRIAL—INCONSISTENCIES OF WITNESSES—SUFFI-
   CIENCY OF EVIDENCE OF GUILT.
   Denial of new trial in prosecution for statutory rape, which had
   been sought because testimony of witnesses for prosecution

was inconsistent and contradictory and because of admitted untruthfulness of prosecutrix was not error where inconsistencies and contradictions concerned collateral matters and there was evidence from which jury could find defendant guilty beyond a reasonable doubt (Act No. 328, § 520, Pub. Acts 1931).

6. SAME—CREDIBILITY OF WITNESSES.
   The credibility of the witnesses is a matter for the triers of the facts.

7. SAME—STATUTORY RAPE—WEIGHT OF EVIDENCE—INSTRUCTIONS.
   In prosecution for statutory rape committed on a girl whom defendant contended could not be considered as a child because, although but 15 years of age at time of offense, she was 5 feet 9½ inches tall, it was not error for court to instruct jury that jurors were to weigh the testimony of any child in the case in the light of their experiences with them and defendant's testimony was to be weighed as any other witness, taking into consideration his interest in the case (Act No. 328, § 520, Pub. Acts 1931).

Appeal from Ottawa; Miles (Fred T.), J. Submitted June 12, 1942. (Docket No. 64, Calendar No. 41,897.) Decided July 1, 1942.

Milton L. English was convicted of the crime of statutory rape. Affirmed.

*Charles E. Misner*, for appellant.

*Herbert J. Rushton*, Attorney General, *Edmund E. Shepherd*, Solicitor General, and *Howard W. Fant*, Prosecuting Attorney, for the people.

CHANDLER, C. J. Defendant was convicted and sentenced for the crime of statutory rape,* said offense having been charged in the information and established by the testimony of the complaining wit-

* See Act No. 328, § 520, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–520, Stat. Ann. § 28.788).—REPORTER.

ness as occurring on the evening of April 24, 1940, sometime between 6:45 and 8:30 o'clock.

The defense was an alibi and among the alleged errors to be reviewed is the refusal of the trial court to grant a new trial on the ground of newly-discovered evidence.

Defendant was engaged in the sale of electrical appliances. He claimed that he had never seen the complainant until March 15, 1941, the evening he was arrested, and that on the evening of April 24, 1940, he was at the home of some people to whom he had sold an electric range discussing with them the operation thereof, and which appliance he had installed in their home on the previous day.

The electric stove had been sold to a Mr. and Mrs. John Tomanica, who lived with the latter's parents, Mr. and Mrs. Adrian J. Van Boggelin. Attached to and in support of the motion for a new trial were the affidavits of defendant, Mrs. Van Boggelin, Mr. and Mrs. Tomanica and a Mr. and Mrs. Weaver, neighbors of the Van Boggelins and the Tomanicas.

The affidavit of defendant stated that although he had no record thereof he was certain that he was at the Van Boggelin home between 7 and 8 o'clock p. m. on the evening of the alleged offense discussing the operation of the stove; that long before the trial he had talked with Mrs. Van Boggelin and Mr. and Mrs. Tomanica concerning his case and that although they all remembered that he had called and instructed them in the use of the stove, none of them could recall whether it was the evening of the day the stove was delivered or the evening of the following day; that his wife talked with these people again about the same matter some two weeks before the trial but that they were still unable to fix the date; that he made every reasonable effort to obtain evidence as to his claimed whereabouts at the time

of the alleged offense; that it was not until after the trial that he learned that Mr. and Mrs. Weaver, heretofore mentioned, had knowledge of facts which would fix his whereabouts at the time in question and that they would testify that they had seen him at the Van Boggelin and Tomanica home at that time.

The affidavit of Mrs. Van Boggelin sets forth that although she had not been able to recall previously the date when defendant had been at her home to discuss the operation of the electric stove, since the trial of the cause her recollection of the event had been refreshed by a conversation with her neighbor, Mrs. Weaver, and that she then knew that the instructions took place on the evening of the day following delivery of the appliance. This affiant also stated that she now recalled that on the evening of the day the stove was delivered, Mr. and Mrs. Weaver came over to see it and that it was not until the following evening that defendant came to the house.

The affidavits of Mr. and Mrs. Tomanica are similar to that of Mrs. Van Boggelin. They stated that since the trial of the case their memory had been refreshed by a conversation with the Weavers and that they now remembered that the stove was demonstrated by defendant on the evening following the installation thereof.

Mr. Weaver's affidavit set forth that on the day the stove was delivered, he went to the Van Boggelin home with his wife and spent the evening; that on the following evening, shortly before dark, he saw the defendant drive by his house; and that later, when it had become somewhat darker and the lights in the house had been turned on, he looked out of the window and saw defendant in the Van Boggelin home talking to Mrs. Van Boggelin. The affidavit

further stated that he did not remember the date but that he was certain he saw defendant at the Van Boggelin home the evening of the following day after delivery of the stove.

The affidavit of Mrs. Weaver stated that she and her husband spent the evening at the Van Boggelin home the day the stove was delivered and that after the trial Mrs. Van Boggelin and Mrs. Tomanica had stated to her that defendant had been to their home either the day the stove was installed or the evening of the next day but they could not recall just when and that she then remembered and reminded them that on the day following the stove installation Mrs. Van Boggelin had asked her for instructions in the use of the stove.

Defendant had testified that his records showed that he had delivered the stove on April 23, 1940, and claims that a new trial should have been granted because the testimony of the affiants above mentioned would establish his whereabouts at the time of the alleged offense.

The people claim there was no error in denying the motion for a new trial because the testimony, as appears from the affidavits, would be cumulative and that defendant did not use due diligence to discover the same. Defendant, while apparently conceding that the testimony of these people would be merely cumulative, claims that the rule does not apply where it is given in support of the uncorroborated testimony of the defendant.

We believe the proposed new evidence was merely cumulative and the fact that it would support the uncorroborated testimony of the defendant does not prevent the application of the rule. See *People* v. *Gray,* 216 Mich. 509, where a new trial was denied because the claimed newly-discovered evidence was cumulative, and wherein such evidence was offered

in support of the uncorroborated testimony of the defendant.

In support of this proposition, defendant cites several cases from other jurisdictions, which we have examined and found not to be controlling, including *Sluman* v. *Dolan,* 24 S. D. 32 (123 N. W. 72), wherein the following statement is made:

"But we apprehend that the rule applicable to ordinary cumulative testimony on motions for a new trial on the ground of newly-discovered evidence is not applicable as applied to a case where a party to the action is the principal witness."

However, a reading of that case shows that it appeared that the alleged newly-discovered evidence would probably bring a different result upon a new trial, and such is the observation of the commentator in L. R. A. 1916C, 1198, who points out that a month later in *Ernster* v. *Christianson,* 24 S. D. 103 (123 N. W. 711), wherein the only testimony given upon the trial in defense of the action was that of the defendant, the same court, in denying a motion for a new trial, said:

"The evidence claimed to be newly-discovered was simply cumulative, as the defendant himself had testified, and had been fully examined on the issue presented, and it seems to be a well-settled rule that a new trial will not be granted on the ground of newly-discovered evidence which is merely cumulative, and which only tends to corroborate the testimony already given at the trial."

The granting of a new trial on this ground is discretionary with the trial court. *People* v. *Tucker,* 222 Mich. 564; *People* v. *Prag,* 261 Mich. 686; *People* v. *Serra,* 301 Mich. 124. And after a careful examination of the affidavits in support of the motion we fail to find that there has been an abuse of judicial

discretion. We are not convinced from a reading of the statements that a different result would be reached upon retrial. *People* v. *Mangiapane,* 219 Mich. 62. The statements of the affiants are not persuasive, as three of them state that they had their recollections refreshed by a conversation with the Weavers, and the affidavits of the Weavers would not exclude the guilt of defendant when read in conjunction with the testimony taken upon the trial.

Furthermore, there appears a lack of diligence in securing the testimony. *People* v. *Hallman,* 299 Mich. 657. Defendant was arrested on March 15, 1941, and the trial was not held until the 22d and 23d days of the following September. All of the proffered witnesses were available during this interval and there is no showing that the testimony could not have been produced at the trial.

Defendant also claims there was error in not granting a new trial because the testimony of the witnesses for the prosecution was inconsistent, contradictory and because of the admitted untruthfulness of the prosecutrix.

A review of the claimed inconsistent testimony reveals that the conflicts, contradictions and admitted untruthfulness all concerned collateral matters. There was evidence from which the jury could properly find defendant guilty beyond a reasonable doubt, and the triers of the facts are the ones to pass upon the credibility of the witnesses.

The testimony showed that the prosecuting witness was born on April 11, 1925, and that she was thus 15 years of age at the time of the alleged offense. Defendant claims prejudicial error because the court several times in his charge to the jury stated that she was under 16 years of age and also asked questions during the trial concerning her age.

We have examined the charge as a whole and find no error in connection therewith, including the following portion of the charge which it is claimed was error because the complaining witness, although but 15 years of age, was five feet nine and one-half inches tall and that she could not be considered a child:

"Now, you are all men of experience, you understand the minds of children, and you are to weigh the testimony of any child in this case, in the light of such experiences of yours; the defendant has testified and you are to weigh his testimony as you would that of any other witness, taking into consideration, of course, his interest in the case." ·

Judgment affirmed.

BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.