PEOPLE *v.* MICELI

1. WITNESSES—INCONSISTENT TESTIMONY—VERACITY—QUESTION OF FACT—CRIMINAL LAW.

    Inconsistencies and changes in the testimony of defendant's accomplice were factors to be considered by the jury in deciding whether they would believe the accomplice's assertion that defendant broke into an automobile and stole personal property.

2. WITNESSES—INCONSISTENT TESTIMONY—VERACITY—QUESTION OF FACT.

    Neither a court nor a jury is obligated to reject a witness's testimony altogether because of infirmities in the testimony; a witness may correct his testimony and the jury, under such circumstances, determines the truth of the testimony.

3. CRIMINAL LAW—WITNESSES—INCONSISTENT TESTIMONY—CORROBORATION.

    Accomplice's testimony, although inconsistent and shifting, that the defendant was the felon who broke into an automobile and removed articles of personal property was entitled to be considered by the jury, especially where the testimony was corroborated by the circumstantial evidence that, when arrested, the defendant was wearing a jacket taken from the car.

Appeal from Tuscola, James P. Churchill, J. Submitted Division 2 May 5, 1971, at Grand Rapids. (Docket No. 9355.) Decided July 26, 1971.

Joseph Miceli was convicted of breaking and entering a motor vehicle. Defendant appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Witnesses §§ 862, 863.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Epskamp,* Prosecuting Attorney, and *Clinton C. House,* Assistant Prosecuting Attorney, for the people.

*W. Wallace Kent, Jr.,* for defendant on appeal.

Before: R. B. BURNS, P. J., and HOLBROOK and LEVIN, JJ.

LEVIN, J. The defendant, Joseph Miceli, appeals his conviction by jury verdict of the crime, as charged in the information, of breaking and entering a motor vehicle for the purpose of stealing or unlawfully removing personal property of a value in excess of $5. MCLA § 750.356a (Stat Ann 1954 Rev § 28.588[1]).

Miceli and four other young men were riding around late at night when they encountered a stalled automobile and its owner. The efforts of Miceli and his companions to start the automobile were unsuccessful and they drove the owner home after he had locked the doors of his automobile.

Later that night, according to Dennis Powell, one of Miceli's companions, Miceli, Powell, and one of the other young men, Daniel Kukulski, returned to the stalled automobile. Miceli and Kukulski, using a tire iron, broke a window, entered the automobile, and removed a number of articles of personal property.

There was testimony that a jacket Miceli was wearing when he was arrested was one of the stolen articles.

Neither Miceli nor Kukulski testified. Kukulski elected to stand on his Fifth Amendment right not to be a witness against himself.

The sole issue raised on appeal is whether the jury could properly convict Miceli on Powell's testimony. Miceli stresses inconsistencies and changes in Powell's testimony. At one point Powell said that Kukulski, not Miceli, wielded the tire iron, then that he could not recall who had the tire iron and, finally, that it was Miceli who used it to break into the automobile.

Powell's uncertainty, his inconsistencies, and the changes in his testimony were factors to be considered by the jury in deciding whether they would believe his assertion that Miceli broke into the automobile and stole personal property; however, neither the court nor the jury was obliged to reject his testimony altogether because of the infirmities.

"A witness may correct his testimony. It is for the jury to determine the truth of the testimony given under such circumstances." *Erickson* v. *Soyars* (1959), 356 Mich 64, 69.

Also, even if a witness swears falsely, "there is no rule of law which prevents [the jury] giving credit to such a witness as to such portions of his testimony as they believe to be true and credible." *Hillman* v. *Schwenk* (1888), 68 Mich 293, 296, 297; *Smith* v. *Doughty* (1924), 227 Mich 638, 645. A "falsifier usually tells many truths, and it is the province of courts and juries to sift the true from the false; corroboration being a potent factor." *Jewell* v. *Kelley* (1909), 155 Mich 301, 305. In this connection we note that Powell's claim that Miceli was one of the felons was corroborated by the circumstantial evidence that when arrested Miceli was wearing the purloined jacket.

We conclude that, even though Powell shifted back and forth as to who wielded the tire iron, the

jury acted within its authority when it chose to credit his testimony that Miceli and Kukulski broke into the automobile and stole personal property.

Affirmed.

All concurred.