PEOPLE v BOWYER

Docket No. 47846. Submitted May 13, 1981, at Lansing.—Decided August 6, 1981. Leave to appeal applied for.

Ricky M. Bowyer was convicted of first-degree criminal sexual conduct and pled guilty to a charge of being a third-time felony offender, Bay Circuit Court, John X. Theiler, J. He appealed. Prior to review by the Court of Appeals, defendant moved to remand the case to the trial court to permit him to move in the trial court for a new trial or resentencing, which motion was denied. Defendant thereupon sought leave to appeal in the Supreme Court which, in lieu of granting leave to appeal, reversed the order of the Court of Appeals and directed the Court of Appeals to enter an order of remand, 409 Mich 932 (1980). Following remand, the trial court, upon reviewing the record, denied defendant's motion for a new trial or resentencing. Defendant appeals, alleging that the trial court erred in denying his motion for a directed verdict, that his criminal sexual conduct conviction lacked factual support, that the prosecutor's closing argument was improper, that the information did not provide proper notice, that certain evidence was improperly admitted, and that the trial court failed to respond to his denial of allegations contained in a presentence report. *Held:*

1. The record reveals that the trial court properly denied defendant's motion for a directed verdict.

2. The record reveals that the jury's verdict was supported by sufficient facts.

3. Defendant failed to object to the prosecutor's comments

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 469, 549.
[2] 5 Am Jur 2d, Appeal and Error § 831.
[3] 4 Am Jur 2d, Appeal and Error § 541.
[4] 41 Am Jur 2d, Indictments and Informations §§ 120, 121.
[5] 21 Am Jur 2d, Criminal Law § 531.
Necessity and sufficiency of question to defendant as to whether he has anything to say why sentence should not be pronounced agaginst him. 96 ALR2d 1292.

during trial, precluding review on appeal, no resulting miscarriage of justice having been shown.

4. The time variance contained in the information did not deny defendant his right to notice.

5. Admission of certain in-court drawings, even if improper, did not amount to error requiring reversal.

6. The record reveals that the trial court initially failed to respond to defendant's denial of certain allegations contained in the presentence report; however, the court's subsequent expression and explanation of its reasons for denying defendant's motion for a new trial or resentencing which included a discussion of the denied allegations and their influence on the court in imposing sentence were sufficient to overcome any error involved in failing to respond.

Affirmed.

1. CRIMINAL LAW — MOTIONS — DIRECTED VERDICTS.

A trial court, in ruling on a defendant's motion for a directed verdict of acquittal, must consider the evidence presented by the prosecution up to the time the motion is made, view the evidence in a light most favorable to the prosecution, and determine whether a rational trier of fact could find that the essential elements of the crime had been proven beyond a reasonable doubt.

2. TRIAL — WITNESSES — CREDIBILITY.

The determination of which witnesses or what portion of a particular witness's testimony is to be believed is for the trier of fact, and, on appeal, great deference should be given to the trier of fact who had the opportunity to observe and evaluate subjective and objective factors which influence a witness's credibility.

3. CRIMINAL LAW — PRESERVING QUESTION.

Failure to object to remarks made by a prosecutor during trial precludes review on appeal unless a miscarriage of justice would result.

4. CRIMINAL LAW — INDICTMENT — TEMPORAL ALLEGATIONS — STATUTES.

A time variance in an information charging a defendant with a crime is permissible unless time is an element or the essence of the offense (MCL 767.51; MSA 28.991).

5. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS — RIGHT
   OF ALLOCUTION — JUDICIAL RESPONSE TO ALLOCUTION.
   Failure of a trial court to respond to a defendant's denial of prior
   incidents similar in nature to the crime charged as contained
   in a presentence report constitutes error; however, a subse-
   quent expression and explanation by the court of its reasoning
   in denying motions for a new trial or resentencing which
   includes a discussion of the denied allegations and their influ-
   ence on the court in imposing sentence may be sufficient to
   overcome any error in failing to respond at the time of sentenc-
   ing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Peter Jon Van Hoek,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. M. MAHER, P.J., and ALLEN and CYNAR, JJ.

PER CURIAM. The information filed on March 5, 1979, charged the defendant with one count of criminal sexual conduct in the first degree under MCL 750.520b; MSA 28.788(2). On the same date, and at the same time, a supplemental information was filed, charging the defendant as a third-time felony offender. He was tried and convicted by a jury on July 9, 1979, of first-degree criminal sexual conduct. MCL 750.520b; MSA 28.788(2). He subsequently pled guilty to a supplemental information, admitting two prior convictions. On August 6, 1979, defendant was sentenced to a prison term of from 25 to 50 years. Defendant's motion for a new trial or, in the alternative, resentencing was denied, and he appeals as of right.

Five-year old Kimberly Davis was the principal prosecution witness. Kim testified that she lived

with her natural father, Gary Davis, and her stepmother, Pamela Davis. Her natural mother, Gisela Bowyer, was married to defendant. Kim testified as to various acts of sexual misconduct involving herself and defendant. The acts took place while Kim was on a weekend visit to the Bowyers.

Although Kim's testimony contained some inconsistencies, other aspects including testimony regarding oral sex acts were consistent. She also made drawings in court in conjunction with what she and the defendant did.

Defendant's first claim of error concerns the trial court's denial of a motion for directed verdict. Additionally, the defendant contends that even had the proper standard been applied, the evidence was insufficient to be presented to the jury and/or that the evidence was contrary to the great weight of the evidence. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), recognizes that the proper standard to be applied in passing on motions for directed verdicts in criminal cases is enunciated in *Jackson v Virginia,* 443 US 307; 99 S Ct 2781; 61 L Ed 2d 560 (1979). The *Hampton* decision states on page 368:

"In summary, the trial judge when ruling on a motion for a directed verdict of acquittal must consider the evidence presented by the prosecution up to the time the motion is made *[People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976)]*, view that evidence in a light most favorable to the prosecution, *People v Vail,* 393 Mich 460, 463; 227 NW2d 535 (1975), and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt, *Jackson, supra,* p 319."

The trial court in denying the motion for a

directed verdict at the close of the prosecutor's case in chief stated that the court was satisfied that there was sufficient testimony to demonstrate the commission of a crime and that it was the defendant who committed the crime. The trial court did use the applicable standard as announced in *Hampton, supra.* The record supports the trial court's ruling in denying the motion for directed verdict.

As stated in *Hampton, supra,* 372-373:

"The standards governing the grant or denial of a motion for a new trial are different from those for a directed verdict. MCL 770.1; MSA 28.1098, provides:

" 'The court in which the trial of any indictment shall be had may grant a new trial to the defendant, for any cause for which by law a new trial may be granted, or when it shall appear to the court that justice has not been done, and on such terms or conditions as the court shall direct.'

"Under this statute, a new trial may be granted if the trial judge finds that the guilty verdict was not in accordance with the evidence introduced and that an injustice has been done. *People v Henssler,* 48 Mich 49, 51; 11 NW 804 (1882), *People v Rayford Johnson,* 391 Mich 834; 218 NW2d 378 (1974). See, also, GCR 1963, 527.1(5). The decision whether to grant or deny a motion for a new trial is entrusted to the discretion of the trial court and that decision will not be disturbed on appeal without a showing of an abuse of discretion, *People v Andrews,* 360 Mich 572; 104 NW2d 199 (1960), *People v Lowenstein,* 309 Mich 94; 14 NW2d 794 (1944)."

Defendant contends that even if the evidence is found to be legally sufficient for the case to have gone to the jury, there is such a strong possibility that the resulting conviction was unsupported factually that this Court should overturn the conviction. A major part of defendant's argument is

premised on the contention of inconsistencies in the testimony of Kimberly Ann Davis. It is for the jury to decide who to believe and what testimony of a particular witness to believe. *People v Hancock,* 326 Mich 471, 504; 40 NW2d 689 (1950), *People v Franszkiewicz,* 302 Mich 144, 153-154; 4 NW2d 500 (1942), *People v English,* 302 Mich 463, 469; 4 NW2d 727 (1942), *People v Miceli,* 35 Mich App 176, 178; 192 NW2d 335 (1971), *People v Strunk,* 11 Mich App 99, 101-103; 160 NW2d 602 (1968).

In *People v Stewart,* 36 Mich App 93, 98; 193 NW2d 184 (1971), this Court stated that great deference should be given to the trier of fact because of the problems inherent in reviewing a cold transcript. The Court stated:

"When an appellate court is confronted with a challenge to the judgment of the trier of the facts, it will not easily be moved to overturn the judgment below. The trier of the facts, be it judge or jury, has had the opportunity to listen to the witnesses and observe their demeanor; he has had the opportunity to observe and evaluate the plethora of subjective and objective factors which together influence his opinion of the credibility of the witnesses. These factors do not survive in the stenographic transcription, we merely have a record of the words spoken at trial—an incomplete record at best. For this reason, an appellate court is reluctant to overturn the judgment of the trier of fact and substitute its judgment, which must necessarily be based on an inadequate description of the factors which lead the trier of fact to reach its decision."

The jurors had an opportunity to listen to the witnesses, observe their demeanor, evaluate and weigh the testimony, and determine their credibility. The trial court did not abuse its discretion in denying the motion for a new trial. The testimony

was sufficient under *Hampton* not only to deny the motion for directed verdict but also to support the jury verdict.

Defendant alleges that the prosecutor impermissibly flouted the rules of evidence in his arguments to the jury by stating that unanswered questions would remain in the case. No objections were raised during trial to the prosecutor's remarks, and unless a miscarriage of justice would result the issue cannot be raised now, *People v Clark,* 88 Mich App 88; 276 NW2d 527 (1979), *People v Moncure,* 94 Mich App 252; 288 NW2d 675 (1979). We find no miscarriage of justice in the present case.

Defendant's third contention is that he was denied his right to notice since the information stated the date of the offense as "on or about 2/2/79". Again, no objection was made during trial to the information, and the issue thus is not preserved for review, *People v Atsilis,* 60 Mich App 738; 231 NW2d 534 (1975), *People v Stinson,* 88 Mich App 672; 278 NW2d 715 (1979). Defendant's contention also fails on its merits because a time variance is permissible unless time is an element of the offense or of the essence of the offense, see MCL 767.51; MSA 28.991, and neither exception applies here. See, also, *People v Howell,* 396 Mich 16; 238 NW2d 148 (1976).

Defendant contends that the in-court drawings were admitted improperly as demonstrative evidence. The specific ground of objection now raised, irrelevancy, was not the ground raised at trial. The first drawing, at least, depicting a mouth and a penis, was relevant to the case and, therefore, properly admitted. Even if the other drawings were admitted improperly, no reversible error occurred.

Defendant's final contention concerns sentencing. During sentencing on August 6, 1979, the following exchange took place:

"*The Court:* * * * We have reviewed the material you submitted and it has, I believe, been added to the presentence report. It would primarily address itself to the reason why I should not now impose a sentence because you contend that you are innocent of that offense and that the jury conviction was a miscarriage of justice. We note your position as reported in the presentence report that your conviction is a result of a conspiracy between your former wife and whoever else might be involved, and certainly if that be true and you have not committed this offense it certainly does constitute a miscarriage of justice.

"We have reviewed your contentions. Do you have anything else to say as to why I should not now impose a sentence at this time?

"*Defendant Bowyer:* I don't have nothing to say as imposing a sentence.

"*The Court:* Do you have anything additional you wish to add before I do impose a sentence?

"*Defendant Bowyer:* I can't think of nothing.

"*The Court:* Mr. Williams, you've gone over the presentence report.

"*Mr. Williams:* That's correct, your Honor.

"*The Court:* Do you have anything further that you would wish to add, or anything that you found in there that's incorrect or inaccurate, and something that should be deleted or explained, or in some other way modified?

"*Mr. Williams:* Your Honor, first of all, I would like to point out that in the presentence report there is some reference to an alleged prior incident of the same nature.

"Again, I'd like to point out to the Court that there wasn't any substance to the allegation there."

Defense counsel's remarks in effect deny prior, similar sexual incidents. Whether the court was

distracted by a lengthy presentation made by defense counsel which immediately followed, or whatever the reason may have been, the court did not respond to the defense denial of prior, similar sexual incidents. Ordinarily, failure of the court to respond would be error.

In *People v McIntosh,* 62 Mich App 422, 446-448; 234 NW2d 157 (1975), *modified on other grounds* 400 Mich 1 (1977), the trial court similarly was faced with charges of inaccuracies in the presentence report. The Court held that the trial court erred in failing to respond:

"The court, in response, merely denied the defense requests without comment and imposed sentence. No indication was given as to what factors were the basis for the sentence and, thus, whether the disputed points were considered and, if so, what weight was given to them.

\* \* \*

"GCR 1963, 785.12, leaves to the trial judge not only discretion to consider and weigh the contents of the presentence report, objective and subjective, but also discretion as to the means of implementing the due process duty of ascertaining, when the objection is raised, that the defendant is not prejudiced in sentencing by false information. *United States v Sanders,* 438 F2d 344 (CA 5, 1971). While not compelled to hold an evidentiary hearing, in the exercise of his discretion, he may do so. He may accept unsworn statements of the defendant. He may ascertain that the disputed matter is not relevant to his decision, or is of little weight, or could be safely disregarded without regard to its accuracy in light of other facts. There are many ways, in the exercise of his discretion, that he may meet the problem.

"Here, unfortunately, the trial judge simply did not respond to the defense claim in any way and thus abdicated his discretion. The failure to exercise discretion, when called upon to do so, is error. *People v*

*Lessard,* 22 Mich App 342; 177 NW2d 208 (1970), *United States v Espinoza,* 481 F2d 553 (CA 5, 1973). We remand for resentence accordingly."

In *People v Perez,* 94 Mich App 759, 761; 289 NW2d 857 (1980), the trial court stated that it was " ' necessary to impose serious penalties on such a serious charge' * * *". Since the record did not reflect whether that consideration influenced the sentence imposed, the case was remanded for resentencing.

The opinion of the trial court in denying the motion for a new trial and in denying resentencing is written with care and candor. The judge indicated that the presentence report contained allegations of sexual incidents of the same nature. The trial judge indicated:

"Had the Court been of the opinion that the defendant had committed more crimes against her person than was testified at the trial, we are satisfied that the sentence imposed would not have been the minimum of 25 years but something substantially greater to assure that Society would be further protected against further depredations."

The trial judge concluded:

"It is our opinion that the sentence imposed was proper in view of the defendant's background and the nature of the offense. *The material that was contained in the presentence report that is now pointed out in detail, in our opinion, did not affect the sentencing decision of the Court."* (Emphasis added.)

It is our opinion that the expression and explanation of the trial judge in denying resentencing was sufficient to overcome the alleged error of failing to respond at sentencing time. No further remand is required.

Affirmed.