PEOPLE v McCONNELL

Docket No. 58449. Submitted August 2, 1982, at Lansing.—Decided November 9, 1982. Leave to appeal applied for.

William H. McConnell was convicted of second-degree criminal sexual conduct, Ingham Circuit Court, Thomas L. Brown, J. Defendant appeals, alleging that the trial court erred in allowing testimony of the victim's aunt regarding statements the victim, a six-year-old child, made to the aunt a week after the event. Defendant also alleges that reversal is required because the information and the prosecution's proofs at trial varied as to the date of the offense and that the trial judge erred by enhancing his sentence because the judge believed defendant had lied under oath. *Held:*

1. The testimony of the victim's aunt was admissible as part of the res gestae. The statements of the victim qualified as excited utterances and were therefore within an exception to the hearsay rule. The one-week delay between the offense and the child's statements does not preclude admission of the testimony where the delay is explained by the victim's tender age and fear of telling her mother.

2. The variance in the information and the proofs as to the time of the offense was not fatal. Time is not of the essence nor a material element in a criminal sexual conduct case involving a child victim.

3. The trial judge improperly enhanced the defendant's minimum sentence because of his belief that the defendant had lied. Such a belief is not a proper consideration in sentencing.

Affirmed and sentence modified.

1. CRIMINAL LAW — EVIDENCE — CRIMINAL SEXUAL CONDUCT — VICTIM OF TENDER YEARS — RES GESTAE.

Testimony regarding prior out-of-court statements of a child of

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 719, 728.

   Declarant's age as affecting admissibility as res gestae. 83 ALR2d 1368.

[2, 3] 21 Am Jur 2d, Criminal Law § 195.

   41 Am Jur 2d, Indictments and Information § 268.

[4] 21 Am Jur 2d, Criminal Law §§ 595, 599.

tender years who was a victim of a sexual assault, concerning the details of the assault, may properly be admitted at trial as part of the res gestae despite a lapse of time between the incident and the statements, provided the delay is explained.

2. CRIMINAL LAW — INFORMATION — TIME OF OFFENSE.

An information shall contain the time of the offense charged as near as possible but a variance as to time is not fatal to the prosecution of the charge unless time is of the essence of the offense (MCl 767.45[2]; MSA 28.985[2]).

3. CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — TIME OF OFFENSE — ALIBI.

Time is not of the essence nor a material element of a criminal sexual conduct case concerning a child victim, nor does the defendant's assertion of an alibi defense make time of the essence.

4. CRIMINAL LAW — SENTENCING — ENHANCEMENT OF SENTENCE.

Generally, a sentencing judge is awarded wide discretion when the sentence imposed is within the statutory parameters; however, it is error for a sentencing judge to enhance a defendant's sentence on the ground that he believes the defendant lied under oath.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Janis L. Blough,* Chief Appellate Attorney, and *Susan K. Marshall,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Rolf E. Berg),* for defendant on appeal.

Before: DANHOF, C.J., and J. H. GILLIS and M. R. KNOBLOCK,* JJ.

PER CURIAM. Defendant was convicted by a jury of second-degree criminal sexual conduct, MCL 750.529c(1)(a); MSA 28.788(3)(1)(a), and was sen-

* Circuit judge, sitting on the Court of Appeals by assignment.

tenced to a prison term of 2-1/2 to 15 years. He appeals as of right raising three issues.

The six-year-old victim, Beth Ann Thompson, testified at trial. Though her testimony was at times contradictory, it disclosed that on one night in July, 1980, while her mother was out with her boyfriend, defendant and three other adults spent the night with Beth Ann, her three-year-old sister and her cousin. After Beth Ann had fallen asleep, defendant woke her and took her into her mother's bedroom where he touched her on her "cookie". Beth Ann's mother testified that "cookie" was Beth Ann's word for her genitals. Beth Ann did not tell her mother about the incident but did tell her aunt approximately one week later.

Beth Ann's aunt, Mary King, testified that she was with Beth Ann during the weekend of July 13, 1980. She was allowed to testify, over defense objection, concerning the statements Beth Ann made to her relative to the incident. According to Mrs. King, Beth Ann appeared nervous and upset when she made the statements and was shaking and complained of a stomachache. Beth Ann told Mrs. King that defendant had tried to put his "privates" in her mouth and between her legs and that he was "messing with her". Beth Ann also told her aunt that she had not told her mother about the incident.

Defendant asserts as his first issue on appeal that it was reversible error for the trial court to allow the complainant's aunt, Mary King, to testify relative to the statements made to her by complainant concerning the incident approximately one week after the incident. At trial, defense counsel's only objection to the testimony was that the delay between the time of the incident

·and the statements made by the complainant to Mrs. King had not been explained. The prosecutor thereafter laid the foundation by eliciting testimony from the complainant concerning the reasons for the delay. After hearing this testimony, the trial court ruled that Mrs. King's testimony was admissible, finding the reason for the delay to be Beth Ann's fear of her mother's disbelief and her concern that her mother would think she was a "bad girl".

The complaint or statements of a victim of criminal sexual conduct may be admissible as an exception to the hearsay rule under MRE 803(2) as an excited utterance. *People v Turner,* 112 Mich App 381; 316 NW2d 426 (1982). The excited utterance exception and its common-law predecessor (the res gestae exception) have been liberally interpreted when applied to children who are victims of sexual assaults. 19 ALR2d 579, § 5, p 586. Thus, where the victim is a child of tender years, testimony recounting her prior out-of-court statements concerning the details of the assault may be admissible as part of the res gestae despite the lapse of time between the incident and the statements, provided the delay is explained. *People v Bonneau,* 323 Mich 237; 35 NW2d 161 (1948); *People v Davison,* 12 Mich App 429; 163 NW2d 10 (1968); *People v Edgar,* 113 Mich App 528; 317 NW2d 675 (1982). The reasoning behind such a liberal application in sexual abuse cases involving children is twofold: first, a child victim may be under stress caused by the event for a longer period of time than an adult; second, a delay between the event and the child's complaint may be attributed to the child's tender years, the perpetrator's threats, or the child's fright. *People v Edgar, supra; People v Bonneau, supra.* In the present case, Mrs. King's

testimony must be evaluated in light of the requirements of MRE 803(2) and the tender years rule.

On the record presented, the trier of fact could reasonably conclude that the sexual assault upon the six-year-old victim in the present case by a family friend was a startling event and that Beth Ann was still under stress caused by the event for a week thereafter. Beth Ann's statements were volunteered and, therefore, spontaneous. Finally, the one-week delay between the incident and the statements made to Mrs. King does not preclude admissibility since there was sufficient evidence to support the trial court's finding that the delay was caused by the victim's tender age and fear of her mother's reaction. The trial court properly admitted the challenged testimony.

Defendant next contends that his conviction should be reversed because the information alleged that the offense occurred on July 4, 1980, while the prosecutor's proofs at trial showed that it could have occurred on either July 3, 1980, or July 4, 1980. While there was conflicting testimony from the witnesses at trial as to whether the night in question was July 3 or July 4, 1980, all the testimony was confined to those two dates. Defendant presented an alibi to both dates in question. MCL 767.45(2); MSA 28.985(2) states that an information shall contain the time of the offense as near as may be but no variance as to time shall be fatal unless time is of the essence of the offense. Time is not of the essence nor a material element in a criminal sexual conduct case, at least where the victim is a child. *People v Howell,* 396 Mich 16; 238 NW2d 148 (1976); *People v Bowyer,* 108 Mich App 517; 310 NW2d 445 (1981). Nor does the defense of alibi make time of the essence. *People v*

*Smith,* 58 Mich App 76; 227 NW2d 233 (1975). Defendant's contention is without merit.

Finally, in sentencing defendant, the trial judge stated:

"The sentence of the Court is that you, Mr. McConnell,—let me put it to you this way, Mr. McConnell, so you clearly understand: the court is going to give you 2-1/2 to 15 in the Michigan Corrections Commission for this offense.

"I would ordinarily give you 2 to 15, but I am giving you 2-1/2 because I feel you lied under oath."

Defendant contends the trial judge erred in increasing his sentence by six months on the ground that the judge believed he lied under oath, asserting that such consideration is improper. We agree.

As a general rule, a sentencing judge is awarded wide discretion when the sentence is within the statutory parameters. *People v McLott,* 70 Mich App 524; 245 NW2d 814 (1976); *People v Stubbs,* 99 Mich App 643; 298 NW2d 612 (1980). However, in *People v Anderson,* 391 Mich 419; 216 NW2d 780 (1974), a majority of the Supreme Court expressed the view that it would be improper for a sentencing judge to impose additional punishment because he believes the defendant committed perjury, adopting the view that if the government wishes to prosecute for the independent substantive offense of perjury it may do so and that, in such a proceeding, the defendant would be awarded all of the protections of a criminal trial. See also *Scott v United States,* 135 US App DC 377; 419 F2d 264 (1969). In *People v Ballenberger,* 51 Mich App 353; 214 NW2d 742 (1974), a panel of this Court, though recognizing the impropriety of allowing such considerations to influence the sentence imposed, held that the fact that the sentence

imposed was less than the maximum minimum permitted by law negated any claims that the stated beliefs of the sentencing judge influenced the sentence and thereby prejudiced the defendant.

In the instant case, the statements of the trial judge at sentencing clearly indicate that in deciding upon the sentence he improperly relied upon his belief that the defendant commited perjury during the trial and that as a result the sentence was enhanced. Since the sentencing judge stated that the minimum sentence he would impose absent the impermissible consideration was 2 years, rather than remand for resentencing, we hereby amend the sentence to a minimum of 2 years and a maximum of 15 years. GCR 1963, 820.1(7).

Affirmed as modified.