PEOPLE v WILKINS

Docket No. 70349. Submitted December 15, 1983, at Detroit.—Decided
    April 17, 1984. Leave to appeal applied for.

    Defendant, Otis G. Wilkins, also known as Otis G. Wilkens, was
        convicted by a jury in the Ingham Circuit Court of first-degree
        criminal sexual conduct. The trial court, Michael G. Harrison,
        J., sentenced defendant to from 6 to 20 years imprisonment.
        Defendant appeals alleging error in the admission of testimony
        by a physician which related the vitim's account of the offense
        and identified the defendant as the perpetrator. The victim was
        the nine-year-old daughter of the defendant's wife. The trial
        court ruled that the doctor's testimony was admissible under
        the medical treatment exception to the hearsay rule. *Held:*

        1. Nothing in the record indicates that the victim's motive in
        making the statements to the doctor was other than as a
        patient seeking treatment. The age of the patient mitigates
        against a finding that the statements were not within the
        traditional rationale for the medical treatment exception. The
        victim's statements to the doctor were sufficiently reliable to
        justify bringing them within the rationale of the medical
        treatment exception to the hearsay rule.

        2. The information elicited from the victim by the doctor was
        reasonably necessary to her diagnosis and treatment. It was
        necessary in this case for the doctor to identify the source of
        the victim's sexual abuse.

        3. The trial court correctly admitted the doctor's testimony.

        4. The admission of the doctor's testimony under the medical
        treatment exception to the hearsay rule did not evade the
        Supreme Court's prior holding that the admission of a hearsay
        statement by a child of tender years is proper only if the
        foundational criteria of one of the hearsay exceptions are met.

        5. The allowance of the use of the medical treatment excep-

---

REFERENCES FOR POINTS IN HEADNOTES
[1-3, 5, 7] 29 Am Jur 2d, Evidence §§ 496, 683, 686.
[4] 29 Am Jur 2d, Evidence §§ 496, 497.
[5, 7] 65 Am Jur 2d, Rape § 64.
[6] 5 Am Jur 2d, Appeal and Error § 599.
[7] 65 Am Jur 2d, Rape § 94 *et seq.*

tion in the instant case does not enlarge the scope of such exception.

6. The issue regarding defendant's claim that he was denied adequate notice of the charge because the victim was unable to testify to the exact date of the offense was not preserved for review since defendant made no objection at trial to the information or to the prosecutor's amendment of the information.

Affirmed.

SHEPHERD, J., concurred for the reason that the record clearly indicates that the victim testified, identified the defendant, and described in some detail the acts performed by the defendant. Therefore, the doctor's testimony was used to corroborate the victim's testimony.

### OPINION OF THE COURT

1. WITNESSES — HEARSAY — MEDICAL TREATMENT EXCEPTION — RULES OF EVIDENCE.

Two independent rationales exist for the medical treatment exception to the hearsay rule: first, the patient's statements are likely to be reliable because the patient has a strong motivation to tell the truth, as diagnosis and treatment depend in a large part upon what the patient says to the physician, and second, facts reliable enough to serve as a basis for medical diagnosis are also reliable enough to escape the hearsay proscription (MRE 803[4]).

2. WITNESSES — HEARSAY — MEDICAL TREATMENT EXCEPTION — RULES OF EVIDENCE.

A two-part test may be applied to determine whether a patient's statements to a doctor were reasonably necessary to diagnosis and treatment for purposes of application of the medical treatment exception to the hearsay rule: first, the declarant's motive must be consistent with the purpose of the rule and, second, it must be reasonable for the doctor to rely on the information in diagnosis and treatment (MRE 803[4]).

3. WITNESSES — HEARSAY — MEDICAL TREATMENT EXCEPTION — STATEMENTS AS TO FAULT — RULES OF EVIDENCE.

The general rule is that statements as to fault do not ordinarily qualify as necessary for medical treatment for purposes of application of the medical treatment exception to the hearsay rule (MRE 803[4]).

4. WITNESSES — HEARSAY — EXCEPTIONS — CHILD OF TENDER YEARS.

The admission of a hearsay statement by a child of tender years

is proper only if the foundational criteria of one of the hearsay exceptions are met.

5. WITNESSES — HEARSAY — IDENTITY OF ASSAILANT — MEDICAL
   TREATMENT EXCEPTION — RULES OF EVIDENCE.

   The disclosure of the identity of the assailant is reasonably necessary for the psychiatric treatment of the victim for purposes of the application of the medical treatment exception to the hearsay rule; statements made for the purpose of treatment of a surface injury would seldom, if ever, require the disclosure of the identity of the person who caused the injury for purposes of the application of the medical treatment exception to such statements (MRE 803[4]).

6. CRIMINAL LAW — APPEAL — PRESERVING QUESTION.

   A defendant does not preserve for review his claim that he was denied adequate notice of the charge against him because the victim was unable to testify as to the exact date of the offense where defendant made no objection at trial to the information or to the prosecutor's amendment of the information.

CONCURRENCE BY SHEPHERD, J.

7. WITNESSES — CRIMINAL LAW — FIRST-DEGREE CRIMINAL SEXUAL
   CONDUCT — HEARSAY — MEDICAL TREATMENT EXCEPTION —
   RULES OF EVIDENCE.

   *A trial court does not err in a trial for first-degree criminal sexual conduct in admitting, pursuant to the medical treatment exception to the hearsay rule, the testimony of a physician which related the victim's account of the offense and identified the defendant as the perpetrator where the record indicates that the victim testified, identified the defendant and described in some detail the acts performed by the defendant and, therefore, the physician's testimony was used to corroborate the victim's testimony (MRE 803[4]).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Janis L. Blough,* Chief Appellate Attorney, and *Charles R. Toy,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P. E. Bennett),* for defendant on appeal.

Before: J. H. Gillis, P.J., and Shepherd and J. J. Kelley,* JJ.

Per Curiam. Defendant was convicted by a jury of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), and was sentenced to a prison term of from 6 to 20 years. Defendant appeals as of right.

Defendant argues that the trial judge erred by admitting the testimony of a physician which related the victim's account of the offense and identified the defendant as the perpetrator.

The physician was Dr. Susan Scheurer, Director of the Family Assessment Clinic at Michigan State University. The victim was the nine-year-old daughter of defendant's wife. The victim was referred to the clinic by a doctor from the emergency room of the Ingham County Medical Center who examined the victim and by the Ingham County Department of Protective Services for Children.

Defendant argues that the testimony of Dr. Scheurer, which contained the history of the sexual abuse related to her by the victim, was inadmissible hearsay. The trial court ruled, and the prosecutor argues, that this testimony was admissible under the medical treatment exception to the hearsay rule. MRE 803 provides:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

* * *

"(4) *Statements made for purposes of medical treatment or medical diagnosis in connection with treatment.* Statements made for purposes of medical treatment or medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general

* Circuit judge, sitting on the Court of Appeals by assignment.

character of the cause or external source thereof inso-
far as *reasonably necessary* to such diagnosis and treat-
ment." (Emphasis supplied.)

The defendant does not suggest that the victim's
statements to Dr. Scheurer were not made for
medical treatment or medical diagnosis. Rather,
defendant asserts that these statements were not
*reasonably necessary* to such diagnosis and treat-
ment. Specifically, defendant argues that Dr.
Scheurer's testimony, which identified the defen-
dant as the perpetrator and described the context
in which the acts were committed, was not neces-
sary for the victim's medical treatment and diag-
nosis. Defendant also contends that admission of
testimony such as Dr. Scheurer's goes far beyond
the scope of the exception and will result in a
revival of the tender years exception overruled in
*People v Kreiner,* 415 Mich 372; 329 NW2d 716
(1982).

Since there are no Michigan cases on point, we
look to the federal rules and decisions for guid-
ance. FRE 803(4) is identical to MRE 803(4), except
that FRE 803(4) is broader in that it only restricts
the exception to statements "insofar as *reasonably
pertinent* to diagnosis or treatment". FRE 803(4).
(Emphasis supplied.) In *United States v Iron Shell,*
633 F2d 77 (CA 8, 1980), *cert den* 450 US 1001; 101
S Ct 1709; 68 L Ed 2d 203 (1981), the Eighth
Circuit Court of Appeals discussed the application
of FRE 803(4) to the testimony of an examining
physician which contained a repetition of a nine-
year-old victim's description of an assault as re-
lated to the physician by the victim. The court
stated that there are two independent rationales
for the medical treatment exception. The first is
that the patient's statements are likely to be relia-
ble because the patient has a strong motivation to

tell the truth, as diagnosis and treatment depend in a large part upon what the patient says to the physician. The second rationale is that facts reliable enough to serve as a basis for medical diagnosis are also reliable enough to escape the hearsay proscription. Since life and death decisions are made by physicians in reliance on the facts related by the patient, they should have sufficient trustworthiness to be admissible in a court of law. Consequently, the court in *Iron Shell* fashioned a two-part test to determine whether statements were "reasonably pertinent" to diagnosis or treatment. First, the declarant's motive must be consistent with the purpose of the rule; and second, it must be reasonable for the physician to rely on the information in diagnosis and treatment. *Iron Shell, supra,* pp 83-84. On the basis of this two-part test, the court held that the statements made to the physician were reasonably pertinent to diagnosis and treatment. *Iron Shell, supra,* pp 84-85.

A similar analysis can be applied to the facts of the instant case under MRE 803(4). First, there is nothing in the record to indicate that the victim's motive in making the statements to Dr. Scheurer was other than as a patient seeking treatment. The age of the patient mitigates against a finding that the statements were not within the traditional rationale of the rule. *Iron Shell, supra,* p 84. Further, the Family Assessment Clinic deals with the special problems of children. Therefore, Dr. Scheurer would be able to effectively judge the reliability of a child's description of a sexual assault. In fact, Dr. Scheurer testified that the victim related the story in "childlike language" that was consistent with her age. Consequently, the statements made by the victim to Dr. Scheurer were

sufficiently reliable to justify bringing them within the rationale of the medical treatment exception to the hearsay rule.

Secondly, the information elicited from the victim by Dr. Scheurer was *necessary* to her diagnosis and treatment. The defense argues, however, that it was not necessary to identify the defendant for purposes of treatment. The general rule is that statements as to fault do not ordinarily qualify as necessary for treatment. *Iron Shell, supra,* p 84; *Bradbury v Ford Motor Co,* 123 Mich App 179, 187; 333 NW2d 214 (1983). However, in this case, it was necessary for Dr. Scheurer to identify the source of the victim's sexual abuse. Dr. Scheurer testified that the role of her clinic is to assess difficult parent-child problems. In a sexual abuse case, the clinic diagnoses and treats the medical, physical, developmental, and psychological components of a sexual abuse case. There is no way in which the clinic could adequately diagnose and treat the impact of sexual abuse on a child unless it was known that the source of the abuse was a family member. Part of the treatment that was recommended for the victim was that she begin seeing a child psychologist and that she be removed, through the probate court, from her home. This treatment would have been impossible had the clinic not known that the source of the sexual abuse was the victim's stepfather. Consequently, the statements elicited from her were reasonably necessary to her diagnosis and treatment. We therefore hold that the trial court correctly admitted the testimony of Dr. Scheurer under MRE 803(4).

Defendant's contention, that the admission of this testimony evaded the holding of *People v Kreiner,* 415 Mich 372; 329 NW2d 716 (1982), is

without merit. In *Kreiner,* the Supreme Court found that the tender years exception did not survive the adoption of the Michigan Rules of Evidence. The Court held that the admission of a hearsay statement by a child of tender years is proper only if the foundational criteria of one of the hearsay exceptions are met. In this case, the trial judge found that the testimony was admissible within MRE 803(4). Therefore, the trial judge was not evading the holding of *Kreiner.*

Defendant also argues that allowing the use of the medical treatment exception in the instant case will enlarge the scope of such exception. Defendant argues that because the medical treatment exception is not by its terms limited to doctors the potential sources of hearsay will be virtually unlimited. He concludes that such sources could even include the investigating police officers who have made the decision to refer the victim for medical treatment. We disagree with this argument. As the prosecutor points out, the scope of the rule becomes much narrower when the statement is not made directly to a physician by a patient seeking diagnosis or treatment. The treatment that a police officer can give is limited to finding medical assistance for the victim. Much more information is necessary when there is a psychiatric component to the diagnosis and treatment. While disclosure of the identity of the assailant would be reasonably necessary for psychiatric treatment, statements for the purpose of treatment of a surface injury would seldom, if ever, require the disclosure of the identity of the person who caused the injury.

Defendant claims that he was denied adequate notice of the charge because the victim was unable to testify to the exact date of the offense. Since

defendant made no objection at trial to the information or to the prosecutor's amendment of the information, defendant has not preserved this issue for review. *People v Bowyer,* 108 Mich App 517, 523; 310 NW2d 445 (1981), *lv den* 414 Mich 851 (1982), and the cases cited therein.

Affirmed.

Shepherd, J. *(concurring).* I concur for the reason that the record clearly indicates that the victim testified, identified the defendant, and described in some detail the acts performed by the defendant. Therefore, the testimony of Dr. Scheurer was used to corroborate the victim's testimony. I reserve judgment on the issue of whether a doctor's testimony can be used to convict a defendant where the victim is unavailable and the doctor's testimony is the only evidence linking the defendant to the crime.[1]

This case demonstrates the unsatisfactory methods available for establishing guilt or innocence in parent-child incest cases. The child is frequently so traumatized by the events and by the adversary nature of trial procedure that evidence produced at trial is often of questionable reliability. The psychological damage done to a child by requiring in-court testimony can be permanently devastating. On the other hand, allowing a defendant to be convicted, in whole or in part, on the testimony of a doctor who has elicited the facts during the course of treatment also leaves much to be desired.

This problem was addressed in a significant way by the Journal of Law Reform of the University of

---

[1] See *Goldade v Wyoming,* 674 P2d 721 (Wy, 1983), for a case in which the doctor's testimony was the only evidence linking a defendant mother to a child abuse case since the child was ruled incompetent to testify due to "shyness and awe". There was a vigorous dissent which was based upon the opinion that the majority had overextended the rule of evidence and was too results-oriented.

Michigan in Note, *Parent-Child Incest: Proof at Trial Without Testimony in Court by the Victim,* 15 Mich J L R 131 (1981). The note suggests that there are better ways to handle incest trials, including having the victim interviewed by a court-appointed expert under controlled, video-recorded conditions where the victim is unaware that the interview is being recorded. Defendant and his attorney would have the opportunity to suggest lines of inquiry to the expert; the interview would be played in court and the expert would be subjected to cross-examination. The note concludes that such a method would satisfy the constitutional requirements of due process and the right to confrontation of witnesses.

While I express no opinion on the advisability and constitutionality of such a procedure, the issue deserves further attention and the problem is respectfully addressed to the bench, the bar, and the Legislature for such action as is deemed appropriate.