BRADBURY v FORD MOTOR COMPANY

Docket No. 56924. Submitted November 8, 1982, at Detroit.—Decided February 9, 1983. Leave to appeal applied for.

John J. Bradbury, James E. Bradbury, and Ann Bradbury brought an action in the Wayne Circuit Court against the Ford Motor Company and John Mach Ford Sales, Inc., for damages for injuries sustained by John J. Bradbury in an accident involving an automobile manufactured by Ford Motor Company and purchased from John Mach Ford Sales, Inc. The trial court, Robert J. Colombo, J., granted the defendants' motion for a directed verdict as to the claims of James E. Bradbury and Ann Bradbury. Following a jury trial, the trial court entered a judgment of no cause of action in favor of the defendants against John J. Bradbury. Plaintiff, John J. Bradbury, appeals from the judgment of no cause of action as to the defendant, Ford Motor Company. On appeal plaintiff alleges that the trial court erred: in refusing to admit into evidence a report by the National Highway Transportation Safety Administration; by refusing to instruct the jury to consider Ford's duty to warn as a question of fact; in allowing the defendant to introduce a patient history of the plaintiff into evidence; and by allowing Ford to present seven expert witnesses. Plaintiff also alleges that defense counsel's repeated references to a settlement check were prejudicial. *Held:*

1. The report by the National Highway Transporation Safety Administration prepared pursuant to a duty imposed by law was admissible under the exception to the hearsay rule pertaining to public records and reports. In addition, those parts of the

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence § 991.
[2] 29 Am Jur 2d, Evidence § 251 *et seq.*
[3] 30 Am Jur 2d, Evidence § 1080 *et seq.*
[4] 63 Am Jur 2d, Products Liability § 53.
[5] 63 Am Jur 2d, Products Liability §§ 53-56.
[6] 29 Am Jur 2d, Evidence §§ 683-687.
[7] 30 Am Jur 2d, Evidence § 1082.
[8] 75 Am Jur 2d, Trial § 193.
[9] 31 Am Jur 2d, Expert and Opinion Evidence § 16.

report comparing Ford's transmissions to those of other manufacturers became relevant when a defense expert testified that Ford's were no worse than other transmissions. The probative value of the report was not substantially outweighed by the danger of unfair prejudice. Those sections of the report showing Ford knew of a possible defect were relevant, not offered for a hearsay purpose, and their probative value was not substantially outweighed by the danger of unfair prejudice. The trial court abused its discretion in refusing to admit relevant parts of the report.

2. The existence of a duty to warn is a legal issue. The adequacy of the warning is a question of fact. Plaintiff was entitled to an instruction on failure to warn and it was for the jury to determine whether Ford's warnings, or lack thereof, were reasonable.

3. The statement contained in the patient history introduced by defendant which said that plaintiff stated he did not put the gearshift lever in park before leaving the car was not admissible under the hearsay exception pertaining to statements made for purposes of medical treatment or diagnosis since it was not made for such purposes. However, the statement was properly admitted for impeachment purposes as a prior inconsistent statment.

4. Defense counsel's repeated references to a "settlement check" could be viewed as a hint that the plaintiff is overly litigious and more fond of money than the preservation of rights. Such innuendo is highly improper.

5. The trial court did not abuse its discretion by permitting an imbalance of expert witnesses. However, counsel and the trial court should strive on remand to condense the witness list.

Reversed and remanded.

1. EVIDENCE — HEARSAY — RULES OF EVIDENCE.

A report prepared pursuant to a duty imposed by law by the National Highway Transportation Safety Administration may be admissible in evidence under the exception to the hearsay rule pertaining to public records and reports (MRE 803[8][B]).

2. EVIDENCE — RELEVANT EVIDENCE — RULES OF EVIDENCE.

A rule of evidence provides that relevant evidence is presumed to be admissible unless prohibited by another rule (MRE 402).

3. EVIDENCE — PREJUDICE — RULES OF EVIDENCE.

The fact that certain evidence is "damaging" to a party's case is not equivalent to "prejudice" for the purpose of determining

whether such evidence may be excluded from evidence if its prejudicial effect outweighs its probative value (MRE 403).

4. PRODUCTS LIABILITY — DUTY TO WARN.

The existence of a manufacturer's duty to warn is a legal issue while the adequacy of the warning is a question of fact.

5. PRODUCTS LIABILITY — DUTY TO WARN.

A manufacturer is required to adequately warn of its product's dangers which it knows or has reason to know of; the manufacturer is held to the knowledge of an expert and is presumed to know of studies concerning the safety of its product.

6. EVIDENCE — HEARSAY — MEDICAL TREATMENT — RULES OF EVIDENCE.

Statements made for purposes of medical treatment or medical diagnosis in connection with treatment may be admissible in evidence under an exception to the hearsay rule pertaining to such statements where such statements are medically relevant (MRE 803[4]).

7. EVIDENCE — PRIOR INCONSISTENT STATEMENTS — RULES OF EVIDENCE.

Extrinsic evidence of a prior inconsistent statement of a witness may be admissible in evidence for impeachment purposes where there is sufficient evidence to support a finding that the witness made the statement; such witness is not required to verify that he made the statement before it can be admitted, however, he must be afforded an opportunity to deny or explain the statement, and if he denies it, a jury question of credibility is raised (MRE 104[b], 104[e], 613[b]).

8. TRIAL — REMARKS OF COUNSEL.

Remarks by a defendant's counsel containing hints and innuendos that the plaintiff in an action is overly litigious are highly improper.

9. WITNESSES — EXPERT WITNESSES — LIMITATIONS ON EXPERTS.

No more than three expert witnesses shall be allowed to testify on either side as to the same issue in any given case unless the trial court, in its discretion, permits an additional number to testify (MCL 600.2164[2]; MSA 27A.2164[2]).

*William M. Donovan* and *John M. Peters,* for plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Ronald W. Westen* and *Dale R. Burmeister),* for defendant on appeal.

Before: D. C. RILEY, P.J., and N. J. KAUFMAN and D. F. WALSH, JJ.

PER CURIAM. John J. Bradbury, the plaintiff, appeals from a jury verdict of no cause of action in a case involving an allegedly defective transmission and linkage system on an automobile designed and manufactured by the Ford Motor Company, the defendant. On March 13, 1981, the Wayne County Circuit Court denied the plaintiff's motion for a new trial.

In March of 1977, the plaintiff's father purchased a new 1977 Ford Thunderbird from a Ford dealer. The car was equipped with a Ford FMX automatic transmission with the gear selector located on the steering column. The plaintiff testified that it was often[1] extremely difficult to shift from reverse to drive, park to reverse, and reverse to park. Both the plaintiff and his father testified that they did not return the car to the dealership to discuss this problem.

On May 5, 1977, the plaintiff returned home after running errands with the car. He checked the mail and found that the post office had a registered letter for him. The plaintiff, using the Thunderbird, set out to get the letter. He saw the mail carrier's jeep and, after asking the carrier if he had the letter, parked the car. The plaintiff testified that he put the gear selector in park and stepped out of the car.[2] He testified that he had no

---

[1] Approximately 20 to 25 percent of the time, according to the plaintiff's testimony.

[2] Part of the defendant's theory was that Bradbury did not put the shift lever at "park".

problem shifting into park, and the car was sta-
tionary when he stepped out. He walked around
the front of the car toward the carrier's jeep.
While the plaintiff was watching the carrier
search for the letter, the carrier looked up and
told the plaintiff to look at the car. The car was
moving in reverse about eight or nine feet from
the curb. Both the plaintiff and the carrier testi-
fied that about 30 seconds elapsed from the time
the plaintiff left the car to the time it was seen
moving.[3] The plaintiff ran into the street and
around the rear of the car attempting to get to the
controls. When he was behind the car, the car
pinned his leg against a light pole.

The plaintiff's theory at trial was that the trans-
mission was negligently designed, manufactured,
assembled, tested, and inspected and that Ford
failed to adequately warn of the dangerous and
defective condition. From an adverse jury verdict,
the plaintiff appeals, raising six issues.

I

In his first issue, the plaintiff argues that the
trial court erred in refusing to allow the admission
into evidence of a National Highway Transporta-
tion Safety Administration (NHTSA) report exam-
ining the FMX and other transmissions. The plain-
tiff contends that the report was admissible under
MRE 803(8)(B) as a public record, as rebuttal or
impeachment evidence to counter an expert's testi-
mony that Ford transmissions performed like
transmissions by other United States manufactur-
ers, and to show that Ford had notice of a defect,
triggering a duty to warn.

[3] On cross-examination and in deposition testimony, the plaintiff
said three to five minutes elapsed.

Rule 803 provides:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

\* \* \*

"(8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, and subject to the limitations of MCLA 257.624; MSA 9.2324."[4]

In *Graham v Ryerson,* 96 Mich App 480, 490; 292 NW2d 704 (1980), *lv den* 410 Mich 858 (1980), this Court concluded that an investigation report compiled by the NHTSA was prepared pursuant to a duty imposed by law[5] and, therefore, would be admissible under MRE 803(8)(B). The duty is identical in our case, and we, therefore, reach the same conclusion. Rule 803(8)(B) is no bar to the admissibility of the report.

Those parts of the report comparing Ford FMX transmissions to transmissions manufactured by other automakers became relevant when a defense expert testified that Ford FMX transmissions were no worse than other transmissions. Thus, under MRE 402, this evidence was presumptively admissible unless prohibited by another rule. MRE 403 provides an exception:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

---

[4] MCL 257.624; MSA 9.2324 limits the use of motor vehicle accident reports compiled under the Michigan Vehicle Code.

[5] 15 USC 1411 through 1418.

misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The defendant argues, and the trial court agreed, that the prejudicial effect of the report outweighs its probative value. We do not believe the probative value is *substantially* outweighed by the danger of *unfair* prejudice. We have no doubt that, if believed by the jury, evidence of a substantial performance difference would harm the defense, but we do not think this is unfair. "Damaging" is not equivalent to "prejudice". We have examined the relevant parts of the report and do not see how the wording, diagrams, or statistics could be unfairly prejudicial. Any inaccuracies are best considered by the jury when determining the weight to be given the report. MRE 104(e). *Cf. Bridwell v Segel,* 362 Mich 102, 106; 106 NW2d 386 (1960). In fact, many of the inaccuracies the defendant complains about *(e.g.,* multiple reports of same incident) are cured by more refined statistics in the report *(e.g.,* number of vehicles involved, including some compared by vehicle identification number). The court abused its discretion when it disallowed the admission of relevant parts of the report.[6]

Those sections of the report showing that Ford knew of the possible defect also should have been admitted into evidence. First, they are relevant to the failure to warn issue. Second, they were not offered for a hearsay purpose. Third, for the reasons stated earlier, the probative value was not

---

[6] We wish to stress that only those portions of the report whose relevance is shown can be admitted. The plaintiff is not entitled to have the entire report admitted simply because some parts are relevant. For one thing, this would confuse the jury too much. On the other hand, the defendant is not entitled to have the entire report excluded simply because some parts are irrelevant.

substantially outweighed by the danger of unfair prejudice.

## II

The plaintiff next argues that the trial court erred by refusing to instruct the jury "to consider Ford's duty to warn as a question of fact". We agree that the court should have instructed on the failure to warn issue, but we disagree with the plaintiff's presentation of the issue. The existence of a duty to warn is a legal issue. The adequacy of the warning is a question of fact. *Dunn v Lederle Laboratories,* 121 Mich App 73; 328 NW2d 576 (1982). A manufacturer is required to adequately warn of dangers it knows or has reason to know of. 2 Restatement Torts, 2d, § 388, pp 300-301; *Dunn v Lederle Laboratories, supra.* The manufacturer is held to the knowledge of an expert and is presumed to know of studies concerning the safety of its products. *Dunn v Lederle Laboratories, supra; Borel v Fibreboard Paper Products Corp,* 493 F2d 1076, 1089 (CA 5, 1973), *cert den* 419 US 869; 95 S Ct 127; 42 L Ed 2d 107 (1974). With this knowledge, the manufacturer must adequately warn of dangers. *Smith v E R Squibb & Sons, Inc,* 405 Mich 79, 90; 273 NW2d 476 (1979).

The plaintiff presented evidence tending to show that Ford knew its transmissions were dangerous. Additionally, the report excluded by the court (see Issue I) tended to show knowledge. Plaintiff also presented evidence showing a dangerous characteristic of the transmission. Plaintiff was therefore entitled to an instruction on failure to warn. Whether Ford's warnings or lack of warnings were reasonable is a question for the jury.

## III

The plaintiff's third issue is that the court erred in allowing the defendant to introduce a "patient history" of the plaintiff. That document was compiled when the plaintiff was in the hospital for the injury received in the accident. It contains a statement, attributed to the plaintiff, which says that the plaintiff did not put the shift lever in park before leaving the car. At trial the plaintiff denied making this statement, and the document was not signed or otherwise adopted by the plaintiff as his version of the facts.

The document was not admissible under MRE 803(4)[7] because the statment was not made for the purpose of medical treatment or diagnosis. While a doctor may need to know that a leg was crushed, or was pinned between a moving car and a post, the plaintiff's actions in setting the shift selector are medically irrelevant and, therefore, do not fall within this hearsay section. It was, however, admissible under MRE 613(b)[8] for impeachment purposes. The trial court here apparently admitted

[7] Rule 803 states:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

\* \* \*

"(4) Statements made for purposes of medical treatment or medical diagnosis in connection with treatment. Statements made for purposes of medical treatment or medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably necessary to such diagnosis and treatment."

[8] Rule 613(b) states:

"Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require. This provision does not apply to admissions of a party-opponent as defined in Rule 801(d)(2)."

the statement under that rule as a prior inconsistent statement. The plaintiff's prime objection to the court's action is that he denies making the statement. This does not render the statement inadmissible, though. If there is sufficient evidence to support a finding that the plaintiff made the statement, it is admissible. MRE 104(b). A hospital employee testified that the "patient history" was derived from the patient's (plaintiff's) statements to an intern. This is sufficient to support a finding that the plaintiff made the statement. This does not conclusively mean that the plaintiff made the statement—if he denies it, a jury question of credibility is raised. MRE 104(e). A witness is not required to verify he made the statement before it can be admitted in evidence. MRE 613(b). The witness must be afforded an opportunity to deny or explain the statement, MRE 613(b), and plaintiff was given that opportunity. We, therefore, find that the statement was properly admitted for impeachment purposes under Rule 613(b).

## IV

The plaintiff next argues that defense counsel's repeated references to a "settlement check" were prejudicial. The defense sought to show that the plaintiff was in a hurry to get a settlement check from another lawsuit and, thinking the registered letter was that check, carelessly set out upon the journey which caused his injury. Beneath that reference, though, is a hint that the plaintiff is overly litigious, more fond of money than the preservation of rights. Such innuendo is, of course, highly improper. We find it unnecessary to determine just how prejudicial the comments were. We trust that upon remand of this case all improper references to a "settlement check" will disappear.

## V

As his fifth issue, the plaintiff argues that the trial court abused its discretion by allowing Ford to present seven expert witnesses when the plaintiff had only one. MCL 600.2164(2); MSA 27A.2164(2) provides:

"No more than 3 experts shall be allowed to testify on either side as to the same issue in any given case, unless the court trying such case, in its discretion, permits an additional number of witnesses to testify as experts."

The defendant argues that all seven witnesses were necessary, while the plaintiff argues that certain evidence was cumulative. We agree that some evidence was cumulative. We also feel that some witnesses were capable of giving, although they did not give, the same testimony other witnesses gave. Counsel and the trial court should strive on remand to condense the witness list. If more than three witnesses are needed on an issue, the statute poses no barrier to an appropriate exercise of the trial court's discretion. Now that the qualifications of the defendant's experts and the specifics of their testimony are known, the parties will be in a better position to assist the trial court in its exercise of discretion. At this juncture, however, we cannot say that the trial court abused its discretion by permitting the imbalance of experts.

## VI

Because we are reversing the trial court's judgment, it is unnecessary to address the question of costs levied against the plaintiff by the trial court.

Reversed and remanded. We do not retain jurisdiction.