BRADBURY v FORD MOTOR COMPANY

Docket No. 71732. Decided November 19, 1984. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, modified the judgment of the Court of Appeals with respect to admission of evidence and denied leave to appeal in all other respects. Motion for rehearing dismissed upon stipulation of the parties, 421 Mich 1201.

John J. Bradbury brought an action against the Ford Motor Company in the Wayne Circuit Court for damages resulting from injuries he received which he alleged were caused by a defective Ford transmission that shifted by itself from the "park" position into "reverse", causing a Ford car to move backwards, pinning him between the car and a utility pole. A jury returned a verdict of no cause of action against the plaintiff. The court, Robert J. Colombo, J., denied the plaintiff's motion for a new trial. The Court of Appeals, D. C. Riley, P.J., and N. J. Kaufman and D. F. Walsh, JJ., reversed and remanded for a new trial on the ground that a report by the National Highway Traffic Safety Administration concerning allegations of gear selection system malfunctions in Ford cars should not have been excluded from evidence and that the plaintiff was entitled to an instruction on Ford's duty to warn of the malfunctions. (Docket No. 56924). The defendant applies for leave to appeal.

In a unanimous opinion per curiam, the Supreme Court held:

1. Evaluative and investigative reports such as the NHTSA report at issue are not the kind of public records and reports excepted from exclusion by the hearsay rule of the Michigan Rules of Evidence. Public records and reports admissible in evidence as exceptions to the hearsay rule are limited to objective data observed and reported by agency officials.

2. Leave to appeal the issue of the defendant's duty to warn is denied without approval of the analysis of the issue by and the conclusion of the Court of Appeals.

123 Mich App 179; 333 NW2d 214 (1983) modified.

*John M. Peters* for the plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.,* for the defendant.

PER CURIAM. The issue which we address in this case involves the trial court's refusal to allow into evidence a report prepared by a governmental safety agency. The Court of Appeals reversed the trial court's rulings on this point and on a question concerning the trial court's refusal to instruct the jury that the defendant had a duty to warn. For the reasons set forth in the discussion that follows, we modify the judgment of the Court of Appeals but deny leave to appeal in all other respects.

I

Plaintiff John Bradbury was injured on May 5, 1977, when his leg was pinned between his father's new Ford Thunderbird and a light pole. The accident occurred after Bradbury got out from behind the wheel to obtain a registered letter from a mail carrier. As the two were talking, the carrier noticed that the car had begun to move backwards. Bradbury ran in back of the vehicle in an apparent attempt to stop it, but was trapped between the car and the light pole. He testified that although he had left the engine running when he got out of the car, he had put the gearshift lever in the "park" position.[1]

On July 20, 1977, Bradbury filed suit in Wayne Circuit Court against defendant Ford Motor Company,[2] alleging that the transmission control system of the car his father had purchased in March

[1] Although Bradbury testified that he had placed the gearshift lever in the "park" position, part of Ford's theory was that Bradbury may have only moved the lever "toward" that position.

[2] Bradbury's parents also were named as plaintiffs, but at the end of trial Ford moved for a directed verdict as to them, and it was granted without opposition. There also was a second defendant, the Ford dealer from which Bradbury's father had purchased the Thunderbird. The jury's verdict of no cause of action as to the dealer was not appealed.

of 1977 was defective. Bradbury contended that the defect in the Thunderbird's FMX automatic transmission allowed the vehicle to move in reverse even though the gearshift lever was in the "park" position.

Following a trial in December of 1980, the jury returned a verdict of no cause of action, and judgment was entered accordingly. When Bradbury's motion for new trial was denied, he sought relief in the Court of Appeals. That Court reversed and remanded for a new trial. *Bradbury v Ford Motor Co,* 123 Mich App 179; 333 NW2d 214 (1983). Ford's motion for rehearing was denied. Thereafter, Ford filed in this Court an application for leave to appeal, and Bradbury filed an answer in opposition.

## II

Ford's contention is that, contrary to what the Court of Appeals held, the trial court did not err in precluding the introduction into evidence of a report prepared by the National Highway Traffic Safety Administration (NHTSA). The NHTSA report, also referred to as the ODI (Office of Defects Investigation) report, concerned allegations of gear selection system malfunctions in Ford cars and examined the FMX and other transmissions.[3]

The Court of Appeals held that the report, even though hearsay, was admissible under MRE 803(8)(B) to rebut a defense expert's testimony that the Ford transmission was no worse than others. Rule 803 provides:

---

[3] The report consists of about 100 pages and includes tables which set forth the number of complaints received about various makes and models of cars, drawings of the transmission linkage system of the vehicles, and graphs depicting the amount of force necessary to put shift levers into the various gears. In addition, there are textual discussions regarding the likelihood of malfunctions as to each system.

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

\* \* \*

"(8) Public records and reports. *Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth* (A) the activities of the office or agency, or *(B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report,* excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, and subject to the limitations of MCL 257.624; MSA 9.2324."[4] (Emphasis added.)

The Court of Appeals relied on *Graham v Ryerson,* 96 Mich App 480, 490; 292 NW2d 704 (1980), which said in dictum that an NHTSA report on another matter would be admissible under MRE 803(8)(B) because it was prepared pursuant to a duty imposed by law. The Court of Appeals reasoned that since the "duty imposed" in the instant case regarding the NHTSA report was identical to the duty at issue in *Graham,* the same conclusion is warranted regarding admissibility.

We disagree. The history of MRE 803(8) demonstrates that evaluative and investigative reports are not within the provision excepting from the hearsay rule "matters observed pursuant to duty imposed by law as to which matters there was a duty to report". MRE 803(8) is based on FRE 803(8),[5] and as originally proposed would have included a third category of reports as clause (C):

[4] MCL 257.624; MSA 9.2324 limits the use of motor vehicle reports compiled pursuant to the Michigan Vehicle Code.

[5] "Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the

"[I]n civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."

However, in adopting MRE 803(8) we deleted clause (C). As we said in *Swartz v Dow Chemical Co,* 414 Mich 433, 443-444; 326 NW2d 804 (1982):

"[MRE 803(8),] unlike FRE 803(8)(C), rejects the introduction in private civil actions of factual findings resulting from an investigation made in accordance with authority granted by law. Proposed MRE 803(8)(C), which was identical to FRE 803(8)(C), was found to be inconsistent with prior Michigan law and was rejected. Committee Note, MRE 803(8)."[6]

Contrary to the conclusion reached by the Court of Appeals, MRE 803(8)(B) does not allow the admission of investigative reports. Rather, that clause reflects the narrow common-law rule which limits public reports of matters observed by agency officials to reports of objective data observed and reported by these officials. See, *e.g., Hale v Cole,* 241 Mich 624; 217 NW 898 (1928). The result reached by the Court of Appeals would eliminate this distinction between the concepts in clause (B) and proposed, but rejected, clause (C).[7] Accordingly, we conclude that the trial court ruled cor-

sources of information or other circumstances indicate lack of trustworthiness."

[6] In *Swartz,* we held that evidence of citations for violations of the Michigan Occupational Safety and Health Act was improperly admitted because it did not fall within the only relevant exception to the hearsay rule, MRE 803(8).

[7] See, generally, *Baker v Elcona Homes Corp,* 588 F2d 551, 556 (CA 6, 1978), drawing the distinction between the kind of "direct observations and recorded data" that are admissible under FRE 803(8)(B), and the kind of "factual findings resulting from an investigation" that come within the hearsay exception of FRE 803(8)(C). Similarly, the advisory committee notes to federal rule 803(8) illustrate the kinds of reports that fall into the two categories:

rectly that the NHTSA report was not admissible under MRE 803(8) as an exception to the hearsay rule.[8]

Therefore, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we modify the judgment of the Court of Appeals in this respect and we deny leave to appeal in all other respects. Our denial of leave to appeal as to the other issue raised in the application should not be construed as an approval of the analysis and conclusion of the Court of Appeals as to that issue.

WILLIAMS, C.J., and KAVANAGH, LEVIN, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred.

"(b) Cases sustaining admissibility of records of matters observed are also numerous. *United States v Van Hook,* 284 F2d 489 (7th Cir 1960), remanded for resentencing 365 US 609; 81 S Ct 823; 5 L Ed 2d 821, letter from induction officer to District Attorney, pursuant to army regulations, stating fact and circumstances of refusal to be inducted; *T'Kach v United States,* 242 F2d 937 (5th Cir 1957), affidavit of White House personnel officer that search of records showed no employment of accused, charged with fraudulently representing himself as an envoy of the President; *Minnehaha County v Kelley,* 150 F2d 356 (8th Cir 1945), Weather Bureau records of rainfall; *United States v Meyer,* 113 F2d 387 (7th Cir 1940), *cert den* 311 US 706; 61 S Ct 174; 85 L Ed 459, map prepared by government engineer from information furnished by men working under his supervision.

"(c) The more controversial area of public records is that of the so-called 'evaluative' report. The disagreement among the decisions has been due in part, no doubt, to the variety of situations encountered, as well as to differences in principle. Sustaining admissibility are such cases as *United States v Dumas,* 149 US 278; 13 S Ct 872; 37 L Ed 734 (1893), statement of account certified by Postmaster General in action against postmaster; *McCarty v United States,* 185 F2d 520 (5th Cir 1950), *reh den* 187 F2d 234, Certificate of Settlement of General Accounting Office showing indebtedness and letter from Army official stating Government had performed, in action on contract to purchase and remove waste food from Army camp; *Moran v Pittsburgh-Des Moines Steel Co,* 183 F2d 467 (3rd Cir 1950), report of Bureau of Mines as to cause of gas tank explosion; Petition of W_____, 164 F Supp 659 (ED Pa 1958), report by Immigration and Naturalization Service investigator that petitioner was known in community as wife of man to whom she was not married."

[8] The Court of Appeals believed that certain sections of the NHTSA report also were admissible to show that Ford had notice of the possible defects in the FMX transmission. Ford challenges this ruling on several grounds. We do not address the validity of the Court of Appeals conclusion on this point.