Carol A. LEWIN and Donald T. Penkivich, Plaintiffs,

v.

Tim McCREIGHT and Davis Publications, Defendants.

No. 86–CV–10321–BC.

United States District Court, E.D. Michigan, N.D.

March 4, 1987.

Haskell H. Shelton, Shelton & Bourne, Midland, Mich., for plaintiffs.

John M. Morosi, Seward, Tally & Piggott, Bay City, Mich., for defendant, Tim McCreight.

Patrick D. Neering, Frank M. Quinn, Braun, Kendrick, Finkbeiner, Schafer & Murphy, Bay City, Mich., for defendant, Davis Publications.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

This is an action arising out of an explosion that allegedly occurred while plaintiffs were mixing a mordant according to the instructions in a book entitled *The Complete Metalsmith.* Plaintiffs Carol Lewin and Donald Penkivich are suing the author, Tim McCreight, and the publisher, Davis Publications. Defendant Davis moved to dismiss for failure to state a claim upon which relief can be granted pursuant to F.R.C.P. 12(b)(6).

■ The question before the Court is whether a cause of action against a publisher of a "How To" book for failure to warn of "defective ideas" in the books it publishes is cognizable under Michigan law. Magistrate Charles Binder recommended that Defendant Davis' motion be denied because Mich.Comp.Laws Ann. § 600.2945 (West 1986) recognizes such a cause of action or, in the alternative, certification of the issue to the Michigan Supreme Court. All parties have filed timely objections to the Magistrate's Report and Recommendation for different reasons. The Court considers the entire matter *de novo* under 28 U.S.C. § 636(b)(1).

Mich.Comp.Laws Ann. § 600.2945 provides as follows:

> As used in sections 2946 to 2949 and section 5805, "products liablity action" means an action *based on any legal or equitable theory of liability* brought for or on account of death or injury to person or property caused by or resulting from the manufacture, construction, design, formula, development of standards, preparation, processing, assembly, inspection, testing, listing, certifying, warning, instructing, marketing, advertising, packaging, or labeling of a product or a component of a product.

(emphasis added). Sections 2946, 2947, and 2948 address the admissibility of evidence in products liability actions. Section 2949 refers to comparative negligence and attorney fees in products liability actions. Section 5805 sets forth the statute of limitations applicable to products liability actions. Section 2945 merely provides a broad definition of existing or prospective rights of action, to which sections 2946, 2947, 2948, 2949, and 5805 apply. It does not create a cause of action, but the plain language of the statute emphasized above presupposes the existence of a "theory of liability." *See Gootee v. Colt Industries, Inc.*, 712 F.2d 1057, 1067 (6th Cir.1983). The statute does not change in any way the common law elements necessary to establish liability on the part of manufacturers and sellers for harm caused by their products. *Id.*

■ Under the common law of Michigan, to recover on a failure to warn theory a plaintiff must establish that defendant owed a duty to plaintiff. *See Warner v. General Motors Corp.*, 137 Mich.App. 340, 348, 357 N.W.2d 689 (1984). Whether a duty to warn exists is a question of law to be determined by the court. *Bradbury v. Ford Motor Co.*, 123 Mich.App. 179, 186, 333 N.W.2d 214 (1983), *modified on other grounds*, 419 Mich. 550, 358 N.W.2d 550 (1984). The issue of whether a publisher owes a legal duty to warn the reading public of the content of the books it publishes is one of first impression in Michigan.[1]

Every case in other jurisdictions that would support a products liability cause of action against a publisher for injurious information in the books it publishes involves a situation in which the publisher actually created, rather than merely printed, the content. *See, e.g., Saloomey v. Jeppsen & Co.*, 707 F.2d 671 (2d Cir.1983) (designer, seller and manufacturer of navigational charts used by aircraft that crashed into mountain). Similarly, in the closest Michigan case, *Central Soya Co. v. Rose*, 135 Mich.App. 180, 352 N.W.2d 727 (1984), the court held that the failure to provide adequate instructions for safe use of a feed program, which was apparently designed, printed and marketed by Central Soya, can alone constitute a product defect. *Id.* at 185, 352 N.W.2d at 729.

In the case at bar, however, the defendant publisher merely printed and bound a book, the contents of which were written by a third-party author. The Illinois Appellate Court in *Alm v. Van Nostrand Reinhold Co.*, 134 Ill.App.3d 716, 89 Ill.Dec. 520, 480 N.E.2d 1263 (1985) considered whether the publisher of a "How To" book, *The Making of Tools*, has a duty to provide adequate instructions and warnings to purchasers of the books it publishes. The publisher in *Alm* had no part in authoring the book. The court held that publishers

---

**1.** The Court declines to certify the issue to the Michigan Supreme Court in the interest of judicial economy and in accordance with the wishes of all parties.

of information supplied by third-party authors do not have a duty to warn of the content of the books it publishes, because the burden of scrutinizing and testing all procedures contained in their publications is too great, and because "the scope of liability would extend to an indeterminable number of potential readers." 89 Ill.Dec. at 524, 480 N.E.2d at 1267. The Court hereby adopts the *Alm* decision, as interpreted above, as Michigan law.

The *Alm* analysis is consistent with criteria used by Michigan courts in determining the existence of a duty. In *Swartz v. Huffmaster Alarms*, 145 Mich. App. 431, 434, 377 N.W.2d 393 (1985), for example, the Michigan Court of Appeals stated: "The determination of whether a duty should be imposed upon a defendant is based on a balancing of the societal interest involved, the severity of the risk, the burden upon the defendant, the likelihood of occurrence and the relationship between the parties." Additionally, in *McKnight v. Carter*, 144 Mich.App. 623, 632, 376 N.W.2d 170 (1985), the Michigan Court of Appeals stated: "In arriving at a determination that the particular defendant did or did not have a duty to the third-party plaintiff, the courts have weighed policy considerations for or against the asserted duty. An additional factor considered is the degree of foreseeability that the actor's conduct will create a risk of harm to the victim." This Court agrees with the court in *Alm* that given the tremendous burden such a duty would place upon defendant publishers, the weighty societal interest in free access to ideas, and potentially unlimited liability, it would be unwise to impose a duty to warn of "defective ideas" upon publishers of information supplied by third party authors.

The balance might well come out differently, however, if the publisher contributed some of the content of the book. The burden of determining whether the content was accurate would be less than in the present case. Similarly, publishers may have greater responsibilities where the risk of harm is plain and severe such as a book entitled *How To Make Your Own Parachute.* Any such legal responsibilities would, of course, have to comport with the rule that manufacturers have no duty to warn of obvious dangers. *See Dunn v. Lederle Laboratories*, 121 Mich.App. 73, 80 n. 12, 328 N.W.2d 576 (1982).

Because the Court decides this case on the basis of state tort law, it does not reach the issue of whether the imposition of a duty to warn upon publishers of "How To" books would pass muster under the first amendment.[2]

---

**2.** For a discussion of the first amendment considerations, see *Alm v. Van Nostrand Reinhold* *Co.,* 134 Ill.App.3d 716, 89 Ill.Dec. 520, 480 N.E.2d 1263 (1985).