# STATE OF MICHIGAN

# COURT OF APPEALS

HURLEY MEDICAL CENTER,

       Plaintiff-Appellant,

and

CRAIG MAKELA,

       Plaintiff,

v

MICHIGAN ASSIGNED CLAIMS PLAN, a/k/a
MACP,

       Defendant-Appellee.

UNPUBLISHED
June 18, 2015

No. 320936
Oakland Circuit Court
LC No. 2013-134720-NF

Before: STEPHENS, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

In this action under the no-fault act, MCL 500.3101 *et seq.*, plaintiff Hurley Medical Center appeals as of right the trial court's order granting summary disposition in favor of defendant Michigan Assigned Claims Plan (MACP) pursuant to MCR 2.116(C)(8) and (C)(10). We reverse and remand.

## I. BACKGROUND

On August 29, 2012, Craig Makela reported to plaintiff Hurley Medical Center with injuries. The medical records from Makela's stay indicated that Makela reported to plaintiff's doctors that he was injured after jumping from a moving vehicle to avoid being robbed. The medical record containing those statements was a psychological report. Plaintiff was unable to determine a no-fault insurer for Makela. Further, because Makela was known to be homeless, he was unable to be found again after leaving plaintiff's facilities. Plaintiff applied for no-fault coverage via defendant MACP pursuant to MCL 500.3172. Defendant denied coverage, stating that there was insufficient evidence to show that Makela was entitled to no-fault benefits. In response, plaintiff filed the instant suit.

During discovery, defendant tried to contact Makela to set up a deposition. Defendant was also unable to find Makela, and certified mail to two former addresses was returned as

-1-

undeliverable with no forwarding address. Defendant moved the trial court to summarily dispose of plaintiff's claim, arguing that Makela's statements in the medical record regarding the involvement of the motor vehicle were inadmissible hearsay. Defendant further argued that, even if the medical records and statements therein were admissible, the evidence was still insufficient to show that Makela's injuries were accidental. Therefore, defendant argued that summary disposition pursuant to MCR 2.116(C)(8) and (C)(10) was warranted. Plaintiff contended that the statements were admissible pursuant to MRE 803(4), the medical record exception to the hearsay rule. Further, plaintiff argued that there was sufficient evidence to show the injuries were accidental, because the statements in the medical records indicate that Makela leapt from the vehicle to avoid being robbed. After hearing the arguments, the trial court granted summary disposition in favor of defendant pursuant to MCR 2.116(C)(8) and (C)(10), finding that even if the medical records and statements were admissible, the evidence was insufficient to show that the injuries were accidental, and the no-fault act thereby barred recovery by plaintiff.

On appeal, plaintiff argues that the trial court acted improperly in granting summary disposition because the medical records and statements therein were admissible and there was sufficient evidence to show Makela's injuries were accidental. We agree and reverse the order granting summary disposition to defendant.

## II. STANDARD OF REVIEW

"We review de novo the trial court's ruling on a motion for summary disposition." *Aguirre v Dep't of Corrections*, 307 Mich App 315, 320; 859 NW2d 267 (2014). Although the motion was filed pursuant to MCR 2.116(C)(8) and (C)(10), because the trial court reviewed evidence outside of the pleadings, this Court reviews the motion as granted pursuant to MCR 2.116(C)(10). *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 515 n 1; 629 NW2d 384 (2001). A motion for summary disposition pursuant to MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition is proper under MCR 2.116(C)(10) where there is no "genuine issue regarding any material fact." *Id*.

## III. ANALYSIS

We must first consider whether the statements made by Makela regarding the cause of his injuries were admissible under MRE 803(4). " 'Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay is inadmissible unless it falls under one of the various established exceptions. MRE 802. Statements in a medical record are considered hearsay within hearsay—the document itself is hearsay, and the statements contained therein are hearsay. *Merrow v Bofferding*, 458 Mich 617, 626; 581 NW2d 696 (1998).

It is undisputed that the medical record itself is admissible as a business record pursuant to MRE 803(6). The question is whether Makela's statements within the medical record are admissible pursuant to MRE 803(4). MRE 803(4) provides an exception to the hearsay rule for

"[s]tatements made for purposes of medical treatment or medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably necessary to such diagnosis and treatment." "[T]his Court has explained that the supporting rationale for MRE 803(4) is the existence of (1) the self-interested motivation to speak the truth to treating physicians in order to receive proper medical care, and (2) the reasonable necessity of the statement to the diagnosis and treatment of the patient." *Merrow*, 458 Mich at 629 (citation and quotation marks omitted). A statement is only admissible if made for "the purpose of medical treatment or diagnosis." *Bradbury v Ford Motor Co*, 123 Mich App 179, 187; 333 NW2d 214 (1983), modified on other grounds by 419 Mich 550 (1984). Where a statement is medically irrelevant it does not fall under the hearsay exception. *Id*.

In this case, Makela stated that he jumped out of a moving vehicle to avoid being robbed and therefore suffered injuries. That Makela leapt from a travelling car is obviously the "cause or external source" of his injuries pursuant to MRE 803(4). Makela made these statements regarding the leap to avoid robbery while seeking medical care. See *Bradbury*, 123 Mich App at 187. The statement was medically relevant because medical professionals want to know the etiology of an injury to create a triage and treatment plan. It is noteworthy that Maklea's statements were found in a psychological report. The medical team was clearly evaluating whether their patient required mental health services in addition to medical services. See *Merow*, at 629. Further, Makela's statement that he was attempting to avoid robbery was made for "the purpose of medical treatment or diagnosis." See *id*. As such, the statements within the medical record were admissible.

Next, we must consider whether there was adequate evidence provided to support that Makela's injury was accidental under the no-fault act. We hold that there was.

MCL 500.3172(1) governs when an individual can access MACP coverage. In pertinent part, that statute states that an individual "entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may obtain personal protection insurance benefits through the assigned claims plan if no personal protection insurance is applicable to the injury[.]" MCL 500.3172(1). However, "[a] person who because of a limitation or exclusion in [MCL 500.]3105 to 3116 is disqualified from receiving personal protection insurance benefits under a policy otherwise applying to his accidental bodily injury is also disqualified from receiving benefits under the assigned claims plan." MCL 500.3173. Pursuant to MCL 500.3105(1), an insurer must pay benefits where an individual suffers "accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle[.]" The no-fault act defines "accidental" as follows: "Bodily injury is accidental as to a person claiming personal protection insurance benefits unless suffered intentionally by the injured person[.]" MCL 500.3105(4). More specifically, the act states: "Even though a person knows that bodily injury is substantially certain to be caused by his act or omission, he does not cause or suffer injury intentionally if he acts or refrains from acting for the purpose of averting injury to . . . himself." MCL 500.3105(4).

There is evidence on the record in this case that Makela suffered his injuries after jumping from a moving automobile to avoid being robbed thus to avert an injury and not to injure himself. Intent is measured subjectively. "One acts intentionally if he intended both the

act *and* the injury." *Miller v Farm Bureau Mut Ins Co*, 218 Mich App 221, 226; 553 NW2d 371 (1996) (emphasis in original). The unintended result of an intentional act is still considered accidental under the no-fault act. See *id*.; see also *Frechen v DAIIE*, 119 Mich App 578, 582; 326 NW2d 566 (1982) ("[S]ince [the] injuries were the unintended result of an intentional act, rather than the intended result, [the injured party] was entitled to benefits[.]").

Viewing the evidence on the record in the light most favorable to the plaintiff as the nonmoving party, as this Court must, there is sufficient evidence for a reasonable juror to determine that Makela did not jump from the vehicle intending to injure himself but rather did so to avoid being robbed. In other words, Makela's injuries were the unintended result of an intentional act. See *Frechen*, 119 Mich App at 582. MCL 500.3105(4) still considers an injury accidental where "a person knows that bodily injury is substantially certain to be caused by his act or omission[,]" but "he acts or refrains from acting for the purpose of averting injury to . . . himself." That is just the situation here. Makela likely knew jumping from the vehicle would cause him harm but did so only to avoid possibly greater injury, in the form of robbery, to himself. As such, the record supports a genuine issue of material fact that Makela's injuries were covered under the no-fault act and summary disposition was improper.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Stephen L. Borrello