*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOEL MARKUS COLLINS,

Plaintiff-Appellee,

v

MARISSA ANN COLLINS,

Defendant-Appellant.

UNPUBLISHED
July 20, 2023

No. 363791
Jackson Circuit Court
LC No. 2017-002605-DM

Before: M. J. KELLY, P.J., and SHAPIRO and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order denying her motion to transfer the school district of her minor child, AC. For the reasons stated in this opinion, we vacate the trial court's order and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The parties share joint legal and physical custody of AC and have an informal parenting time arrangement under which, during the school year, AC stays with plaintiff during the week and stays with defendant during weekends. This arrangement resulted because defendant lives in Brighton, Michigan, while plaintiff lives in Jackson, Michigan, and AC attends elementary school in Jackson. AC had poor behavior and academic performance at school in Jackson, and defendant moved to change AC's school district to a school in Brighton. Defendant contended that, despite multiple attempts to enroll AC in an individualized education program (IEP) in Jackson, the school dragged its feet. By contrast, defendant asserted that the school in Brighton could have AC enrolled in an IEP within 30 days.

At an evidentiary hearing, defendant sought to present reports on the schools' academic performances. However, while the trial court admitted a report on the Jackson school (the Jackson report), it refused to admit a report on the Brighton school (the Brighton report) as unauthenticated hearsay. Because AC had an established custodial environment with both parents that would not be modified by changing schools, the trial court held defendant had to prove by a preponderance of the evidence that changing schools was in AC's best interests. The trial court then evaluated the best-interest factors, MCL 722.23, and found the majority of the factors were either irrelevant

or weighed equally between the parties. The only factor which weighed in any party's favor was factor (e), concerning "[t]he permanence, as a family unit, of the existing or proposed custodial home or homes[,]" which the trial court held weighed in defendant's favor. Of relevance to this appeal, the trial court also found factor (h), concerning "[t]he home, school, and community record of the child[,]" was neutral. The trial court held defendant failed to satisfy her burden of proof because she failed to present any evidence besides her own testimony that the Brighton school was better than the Jackson school. Defendant now appeals.

## II. ANALYSIS

On appeal, defendant argues the trial court (1) erred by determining that defendant failed to satisfy her burden of proof, (2) abused its discretion by excluding evidence regarding the Brighton school, and (3) erred by finding that best-interest factor (h) did not favor either party. We agree the trial court abused its discretion by excluding the Brighton report, and conclude this error was not harmless. We also agree the trial court improperly evaluated factor (h) because it failed to consider the Brighton report. We decline to address defendant's first issue because these errors necessarily impact whether the trial court erred in determining defendant failed to satisfy her burden of proof.[1]

Beginning with the evidentiary issue, we hold the trial court abused its discretion when it excluded the Brighton report. Generally, all relevant evidence is admissible, unless excluded by "the Constitution of the United States, the Constitution of the State of Michigan, these rules, or other rules adopted by the Supreme Court." MRE 402. The hearsay exception relevant to this appeal states:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

---

[1] In child custody disputes: "[A]ll orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28; see also *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). "[Q]uestions of law are reviewed for 'clear legal error.' " *Fletcher v Fletcher*, 447 Mich 871, 881; 526 NW2d 889 (1994). "When a court incorrectly chooses, interprets, or applies the law, it commits legal error that the appellate court is bound to correct." *Id*.

"We review the circuit court's decision to exclude evidence for an abuse of discretion." *Elher v Misra*, 499 Mich 11, 21; 878 NW2d 790 (2016) (citation omitted). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Id*. (quotation marks and citation omitted). Questions of law surrounding evidentiary rulings, as well as interpretations of statutes and court rules, are reviewed de novo. *Id*. "The admission or exclusion of evidence because of an erroneous interpretation of law is necessarily an abuse of discretion." *Id*. (citation omitted). "An error is harmless if it did not affect the outcome of the proceeding." *In re Portus*, 325 Mich App 374, 396; 926 NW2d 33 (2018).

* * *

>     (8) **Public Records and Reports.** Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, and subject to the limitations of MCL 257.624. [MRE 803(8).]

MRE 803(8) is limited to "reports of objective data observed and reported by [public] officials." *Bradbury v Ford Motor Co*, 419 Mich 550, 554; 358 NW2d 550 (1984). There is an "inherent trustworthiness of documents prepared by a public official in carrying out his duties which justifies the public records exception[.]" *Solomon v Shuell*, 435 Mich 104, 132; 457 NW2d 669 (1990). However, this inherent trustworthiness is inapplicable if the record was prepared in anticipation of litigation. *Id.*

The report defendant attempted to admit was prepared by a public official, and there is no indication it was prepared in anticipation of litigation. Defendant sought to admit the Brighton report to compare it to the Jackson report, which was admitted through the testimony of the Jackson school's principal. The Brighton report is located on the State of Michigan's official public portal for education data, which is designed to help citizens, educators, and policymakers make informed decisions regarding the success of Michigan's students. See Center for Educational Performance and Information, MI School Data https://www.michigan.gov/cepi/mischooldata (last accessed July 11, 2023). The reporting agency is responsible for collecting, securely managing, and reporting education data in Michigan, which is then published as the State of Michigan's official source for pre-K, K-12, postsecondary, and workforce data, and is presented in graphs, charts, trend lines, and downloadable spreadsheets. See *id.*

This data is compiled, reported, and published by the State of Michigan to provide the public with a report of statistical information to consider when evaluating potential schools. This is precisely the type of objective public report this Court can assume to be accurate and reliable. There are no subjective opinions, analyses, or personal summaries published with the data, nor was the data prepared to use in any type of litigation. Additionally, Michigan public schools are required by the state to submit annual reports on the basis of their annual performances in up to eight areas as prescribed by 2018 PA 601.[2] The information reported is the exact type of objective data that MRE 803(8) anticipated to be admissible. Therefore, the trial court abused its discretion by failing to admit the Brighton report under MRE 803(8).

The trial court also determined the Brighton report was not properly authenticated. However, MRE 902(5) states that official publications, such as "[b]ooks, pamphlets, or other publications purporting to be issued by public authority[,]" are self-authenticating. As defendant pointed out, the Brighton report is published by the State of Michigan, which is a public authority, and has several insignias and a legend indicating this public authority. Therefore, the trial court

---

[2] 2018 PA 601 requires the Michigan Department of Education to annually grade and rank schools based on performance indicators prescribed within the law. See MCL 380.1280g.

also abused its discretion by failing to recognize the self-authenticating nature of the Brighton report under MRE 902(5).

We cannot conclude the trial court's failure to admit the Brighton report was harmless error, because it is possible this decision affected the outcome of the proceeding. *In re Portus*, 325 Mich App 374, 396; 926 NW2d 33 (2018). The trial court asserted, as a major reason for denying defendant's motion, that defendant failed to provide any evidence, other than her own testimony, indicating the Brighton school was superior to the Jackson school. Had the trial court considered the Brighton report, it would have had more evidence of the alleged disparities between the schools than it did solely from defendant's testimony. With this information, it is possible the trial court could have determined factor (h) was not actually neutral, and, if the trial court were able to determine factors (e) and (h) weighed in favor of defendant, while the others were all neutral or inapplicable, it is possible the trial court would have granted defendant's motion.

In sum, the trial court improperly excluded the Brighton report from evidence. Because this report could have impacted the trial court's evaluation of best-interest factor (h), and, by extension, its decision regarding defendant's motion, this error was not harmless. On remand, the trial court shall reevaluate factor (h) in light of the Brighton report and hold an evidentiary hearing to consider up-to-date information in its determination of whether defendant has proven by a preponderance of the evidence that the change in schools is in AC's best interests. See *Pierron v Pierron*, 282 Mich App 222, 262, 265; 765 NW2d 345 (2009).

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Douglas B. Shapiro
/s/ James Robert Redford